## Leidig *versus* Bucher *et al.*

1. In an action for tort against two or more, separate acts not committed with a common purpose or design, and without concert, will not authorize a joint recovery.

2. If it be proved that only one was concerned the plaintiff may recover against him as if he only had been sued.

3. In an action against four for libel, a point was, "It is not necessary to sustain the action to prove a joint engagement in making and publishing the libel; all that is required is to (prove) that each or any of defendants is guilty, and the jury can give a verdict against all or any one of the defendants, or separate verdicts against any two or more of them." The court denied the point, adding, "you may find against one of the defendants, but cannot find separate damages against both." *Held* to be correct.

4. Defendants who have not conspired together or joined in committing the wrong should not be joined in the same action.

5. Bard *v.* Yohn, 2 Casey 482, followed. Weakly *v.* Royer, 3 Watts 460, distinguished.

May 28th 1873.    Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Cumberland county:* No. 41, to May Term 1873.

This was an action on the case for libel, brought November 27th 1869, by John B. Leidig against D. F. Carmony, David H. Kimmel, William P. Eckels and Robert A. Bucher.

The declaration was that D. F. Carmony, D. H. Kimmel, W. P. Eckels and R. A. Bucher were summoned to answer J. B. Leidig, and the plaintiff complained that whereas he was always held in good repute, &c., and the defendants well knowing the premises but contriving and intending to injure, &c., the plaintiff, " conspired, combined and confederated together to spread false, malicious and slanderous libels of and concerning the plaintiff, to wit, that he had been guilty of taking property belonging, &c., feloniously and surreptitiously, and in pursuance of said combination and conspiracy the defendants" procured large printed handbills charging him with larceny, to be put up conspicuously in divers places in the county of Cumberland, &c., by means of which the plaintiff lost the good-will and esteem of his fellow-citizens and to his damage, &c.

Additional accounts were afterwards filed.

1. Averred that the defendants, intending to harass, &c., the plaintiff and " bring him into public disgrace and ridicule, composed, printed and published * * * the following handbill,"—setting out the handbill at large.

2. Averred that the defendants, intending to harass, &c., the plaintiff " circulated and distributed the said printed handbills * * * and secretly, clandestinely and maliciously procured them to be printed and publicly exhibited," &c., without setting out the handbills.

24 P. F. SMITH—5

[Leidig *v.* Bucher.]

3. Averred that the said defendants with like intent " conspired, confederated and combined together to traduce, &c., the said plaintiff, * * * and in pursuance of this combination and conspiracy the defendants composed and published certain other wicked handbills," &c., setting them out at large.

4. Averred that "in pursuance of the said combination and conspiracy," defendants circulated the said handbills amongst plaintiff's acquaintances.

5. Averred that the defendants " secretly and clandestinely" procured said handbills and "posted them conspicuously in divers public places," &c.

Neither of these two counts set out the handbills.

The defendants pleaded " Not Guilty" and also put in a plea of justification.

The cause was tried March 5th 1872, before Junkin, P. J.

Both parties gave a great deal of evidence to support their respective parts of the issue.

A large number of bills of exceptions to evidence were sealed during the trial; and each party submitted a number of points.

The only point considered in the opinion of the Supreme Court was the plaintiff's ninth point, which was as follows :—

In an action for a libel against two or more individuals it is not necessary, in order to sustain the action, to prove a joint engagement in the making and publishing of the libel. All that is required is to show to the satisfaction of the jury that each or any one of the defendants is guilty of the offence charged, and the jury can bring in a verdict against all or any one of the defendants, or separate verdicts against any two or more of them.

To this the court said: "We answer that this proposition is neither law nor reason, except this, that you may find against one of defendants, but cannot find separate damages against both."

The verdict was for the defendants.

On a writ of error by the plaintiff, this answer was, amongst others, assigned for error.

*C. E. Maglaughlin* and *J. Hays* (with whom was *M. C. Herman*), for plaintiff in error.—The conspiracy is nothing so far as sustaining the action goes, the foundation is the damage to plaintiff : Hutchins *v.* Hutchins, 7 Hill 104 ; Jones *v.* Baker, 7 Cowen 445; Parker *v.* Hnntingdon, 2 Gray 124; Laverty *v.* Vanarsdale, 15 P. F. Smith 507 ; Weakly *v.* Royer, 3 Watts 462 ; Chambers *v.* Lapsley, 7 Barr 24.

*A. B. Sharpe* and *W. H. Miller* (with whom was *F. E. Beltzhoover*), for defendants in error.—In an action in tort against two jointly the jury cannot assess several damages : Hill *v.* Goodchild, 5 Burrows 2792 ; Rodney *v.* Strode, Carth. 20 ; 3 Starkie

on Evidence 1442; Crane v. Hummerstone, Cro. James 118; Jenkins Cent. 310, pl. 10; Mitchell v. Millbank, 6 T. R. 199; Sedley v. Sutherland, 3 Espinasse 202; Brown v. Oliver, 4 Id. 158; Onslow v. Orchard, 1 Strange 422; Lowfield v. Bancroft, 2 Id. 910; Nicoll v. Glennie, 1 Maule & Selwyn 588. The sum of the authorities is: that where there are separate and distinct wrongs done by two or more persons and no connection shown between the parties, the actions must be separate; and where a joint action is brought against several, a joint act must be proved; and if plaintiff failed in this and proves separate acts he must enter a *nolle prosequi* against all but one.

The opinion of the court was delivered, July 2d 1873, by

AGNEW, J.—But one assignment of error in this case requires notice, the answer of the court to the plaintiff's ninth point.   The court was asked to instruct the jury, that in order to sustain an action for libel it is not necessary to prove a joint engagement in making and publishing it; that all that is required is to know that each or any one of the defendants is guilty, and the jury can bring in a verdict against all or any one, or separate verdicts against any two or more of them.   The court negatived this point, but said the jury might find a verdict against one of the defendants, but not separate damages against both.   The easiest disposition of this assignment of error would be to say that the court having informed the jury they could find against either one of the defendants, and they having returned a verdict in favor of both, no injury was done even if there was error in the answer; for the verdict proves that neither was guilty.   But as the question involved is not clear according to English authorities, it is proper we should dispose of it for ourselves.   And we think it is substantially settled on authority in this state.   In Bard & Wenrich v. Yohn, 2 Casey 482, it was held that a proof of separate acts not committed with a common design or for a common purpose, and without concert, will not authorize a joint recovery.   " To entitle a plaintiff to a verdict against several defendants as joint trespassers, it must appear that they acted in concert in committing the trespass complained of."   And in Little Schuylkill Nav. Co. v. Richards, 7 P. F. Smith 142, it was held, that when several coal operators, separately and without concert of action, cast their coal dirt into the Little Schuylkill, at their respective mines, and this dirt lodged in the dam of the plaintiff, filling it by accumulation, these operators were not jointly liable for the tort, nor was each liable beyond his own deposit in the stream.   The same principle is asserted by the present Chief Justice in Laverty v. Vanarsdale, 15 P. F. Smith 509.   Quoting the language of another case, he says, " Where the action is brought against two or more as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove combination or a joint act of all.   For

[Leidig *v.* Bucher.]

this purpose it may be important to establish the allegation of a conspiracy. But, if it turn out on trial that only one was concerned, the plaintiff may still recover the same as if each one had been sued alone." This is substantially the instruction of the court below in this case. It is also the doctrine of Weakly *v.* Royer, 3 Watts 460 (a case relied on by the plaintiff in error, and cited in Bard & Wenrich *v.* Yohn, *supra*, as sustaining the ruling in that case). The plaintiff in error relies, however, on that part of the opinion in Weakly *v.* Royer in which Judge Kennedy expresses his own judgment, that after a plaintiff, either in trespass or trover, has been permitted, *without objection*, to give evidence of several trespasses or conversions, the jury, if satisfied on the evidence, may, and indeed should, give a verdict when not dispensed with by the plaintiff's election, finding the defendants severally guilty, and assessing the damages severally according to the evidence, leaving it to the plaintiff to make his election as to the one against whom he will take judgment, and at the same time entering a *nolle prosequi* as to the others. But this is not what the plaintiff's point called for as the instructions to be given. What Judge Kennedy said, and what he undoubtedly meant, was, that when a jury is in possession of the evidence of separate trespasses or wrongful acts, sufficient to support a finding against two or more separately, the jury may, and should, rid themselves of embarrassment as to their finding, by returning separate verdicts against each, leaving it to the plaintiff, by his election, to cure the error of the joinder, in taking judgment against one. His remarks are expressly coupled with the qualification, that the evidence of several trespasses had been permitted to be given without objection. In such a case the plaintiff would be entitled to a several judgment against one as if he had been sued separately, but the jury having equal, or perhaps sufficient evidence against two or more, could not elect for the plaintiff, and therefore might relieve themselves by a finding against each. This is very different, however, from an express instruction to the jury, such as the point calls for, that it is not necessary, in order to sustain the action, to prove a joint engagement to make or publish the libel, and that all that is required is, to show to the satisfaction of the jury, that each or any one of the defendants is guilty of the offence charged, and the jury can bring in a verdict against all or any one, or separate verdicts against two or more of them. It is evident such an instruction would authorize a joint verdict against all, or more than one, without evidence of concert or of a joint act by them. In fact it asks the court to say, that without evidence of combination or joint action the jury may return a joint verdict, or several verdicts to suit themselves. Clearly this is not the law, in this state at least. But there may be cases where, from a conflict of testimony, or want of credibility in some of the witnesses, or where no objection to the

[Leidig v. Bucher.]

evidence has been made, a jury may be in possession of the evidence and yet unable to find concert or joint action, and then they may disembarrasss themselves by verdicts against two or more severally. In such cases the error would be cured by the plaintiff immediately electing the defendant against whom judgment shall be entered, and entering a *nolle prosequi* as to the others; this is all that is decided in Chambers *v.* Lapsley, 7 Barr 24. But the fact that several judgments cannot be entered in the same action, is proof that the separate verdicts cannot stand, and the error is only cured by the plaintiff's election to proceed against one only, as he might have done originally. As a matter of principle it is not proper to join defendants in the same action who have not conspired together or joined in committing the wrong complained of. Their degrees of guilt are rarely the same. One should not suffer from the prejudice existing against the other, nor should the damages against him be aggravated by the odium attaching to the worse conduct of the others, and neither should bear the increased accumulation of costs, caused by the testimony brought against all. As a matter of plain justice, where there is no concert or joint action, each should respond for his own wrong only. Finding no error in the record, the judgment is affirmed.