Morgan, J.
The plaintiff, a female school teacher, sued the fourteen defendants, in the lower court, for libel, and had judgment on a verdict for $3,225. She based her action upon the following written petition, or request, signed by all the defendants,' and thereafter turned over to the schoool board. The defendants were all residents of the district, and patrons of the school, and not members of the school board:
*517 “We, the undersigned citizens of East Sedgwick School, request the removal of the teacher, Mary Jordan, from our schools, as' her conduct is immoral, or improper, and we do not think she is a competent teacher, and has but little control over the school.’?
A meeting was called by the board, after the petition was turned over to it, to consider the matter of the petition, and the plaintiff was discharged, having taught one month, of the nine months, of the term for which she was employed. Ther was no proof that the plaintiff was unchaste, but considerable evidence of reprehensible conduct on her part, as well as lack of competency, and control over the schoQl; and the undisputed evidence showed, conclusively, that the occasion was such as to place the petition, or request, within that class of publications, otherwise libelous, known as a “qualified privileged communication,” distinguished from an ordinary libel, not privileged at all.
The court did not properly instruct' the jury as to this distinction, after having refused, at the close of plaintiff’s ease, a motion for a directed verdict for the defendants, and after having refused proper instructions tendered by the defendants on the privileged character of the petition, and on the burden of proof as to malice in the case; and for these reasons the judgment must be reversed.
In the interest of society at large and public policy, generally, it is a good defense to an action for libel or slander, that the publication, or communication, is privileged, either absolute, or qualified. It is a right, or privilege, on the one side, and a sacrifice on' the other, that every citizen has, or must make,- for the benefit of the common welfare, and in the interest of -organized society. Newell on Slander and Libel (2nd ed.), page 389; Odgers on Libel and Slander (5th Ed.), pages 227 et seq.
If the occasion, the motive, and the cause, be proper, the publication or communication, if made in good faith, does not imply malice, as in ordinary libel' or slander; but *518 malice must be proved by the person claiming to have been defamed, and the mere falsity of the alleged defamatory matter is not sufficient. The question of privilege is for the court, and of a malice, for the jury. Newell, supra, 391; Odgers, supra, 229. If the plaintiff in any case where it has been determined that the communication was priviledged, either absolute or qualified, has not produced any evidence of malice, the court should direct a verdict for the defendant, even though it is conclusively shown that the matter in. the communication was false, it is the occasion of the communication, and not the communication itself, that determines its character as to being privileged, either absolute, or qualified; although, the words used, to the excessive publication, unnecessary promulgation, may remove the privileged character of the communication. The burden is upon the plaintiff to show the latter, and upon the defendant to show that the occasion was privileged. Denver P. W. Co. v. Holloway, 34 Colo. 432, 83 Pac. 131, 3 L. R .A. (N. S.) 696, 114 Am. St. 171, 7 Ann. Cas. 840.
The plaintiff was a public school teacher, the defendants were patrons of the school and residents of the district; it was the duty, and therefore, the privilege, of the defendants, to request the removal of the teacher, and to present such request to the school board in writing, if they chose, and to state the grounds they had for such removal. School boards have the power to employ and discharge public school teachers, sec. 5925, R. S. 1908; to discharge for good cause shown, sec. 5990, id., from which action an appeal is allowed, secs. 6000 to 6007, id. Odgers, supra, page 277, says: “Every communication made with a view to prevent some public abuse is privileged, if it be published only to persons who have jurisdiction to entertain the complaint, or some duty or interest in connection with it.” Quoting' from Fitzgerald, B., in Warren vs. M’Calden, 7 Ir. Rep. C. L. 288, he says: ‘ “If, without malice, I make a defamatory charge *519 which I bona fide believe to be true, against one whose conduct in the respect defamed has caused me injury, to one whose duty it is * * * to inquire into and redress such injury, the occasion is privileged; because I have an interest in the subject matter of my charge, and the person to whom I make the communication has, on hearing the communication, a duty to discharge in respect of it.” He cites the case of McIntyre vs. McBean, 13 Up. Can. Q. B. 534, on the same proposition, in which “the plaintiff was.a teacher in a district school; the inhabitants of the district prepared a memorial charging the plaintiff with drunkenness and immorality,” and. in which it was held that the publication was privileged. Newell, swpra, 475, in discussing a qualified privilege, says it arises “Where the circumstances of the occasion cast upon the,defendant the duty of making a communication to a certain other person to whom he makes it in the bona fide performance of such duty.” He cites the case of Weiman v. Maybie et al., 45 Mich. 484, 8 N. W. 71, 465, 40 Am. Rep. 477, saying: “Statements contained in an affidavit presented to a superintendent of schools for the purpose of preventing a teacher’s license being granted to a particular person, charging such person with improper conduct, are privileged, and not actionable unless untrue and maliciously made.” The same principle is distinctly stated in the case of Decker vs. Gaylord, 35 Hun. 584: “A resident of a school district is protected in communicating to the proper authorities anything he may honestly believe to be true respecting the conduct and moral character of the school teacher of his district, and although defamatory in character, the presumption is that the communication under said circumstances is made in good faith, and any liability therefor to the aggrieved is dependent upon the existence of actual malice, which must be proven by the aggrieved party.” * * * “The falsity of the charge is not sufficient to raise the inference of malice.” * * * “Nor is the alleged truth of the charge in the ansewr, by way of justification, *520 evidence of malicious purpose, although the charge be untrue.” To the same effect are the cases of Galligan vs. Kelly, 31 N. Y. Supp., 561; Finley vs. Steele, 159 Mo. 299, 60 S. W., 108, 52 L. R. A. 852; Coogler v. Rhodes, 38 Fla., 240, 21 So. 109, 56 Am. St. R. 170; Stewart vs. Hall, 83 Ky. 375; Denver P. W. Co. v. Holloway, 34 Colo. 432, 83 Pac. 131, 3 L. R. A. (N. S.) 696, 114 Am. St. 171, 7 Ann. Cas. 840.
It is contended, on the other hand, that conceding the law as to qualified privileged communications, in this instance such privilege was removed by excessive publication and unnecessary promulgation; and that the pleading of the truth of the charge in the answer, together with the want of probable cause for the communication, request, or petition, was sufficient evidence of malice to justify the court in submitting the matter to the jury. There is no evidence, whatever, that the communication was shown to any one except patrons of the school before it was turned over to the school board. It is conceded that the secretary of the board requested that the request be presented to the board; and that a meeting was called by the board to consider the matter; that the meeting was held-and the signers of the petition and the plaintiff were requested to be present. It conclusively appears that no one attended said meeting, at the instance of the defendants, except those invited. It seems that an attorney for the plaintiff, and a stenographer, attended the meeting, but not at the request or connivance of defendants. They could not be held .responsible for the presence of these persons under the circumstances. Newell, supra, page 531. The pleading of the truth of the charge was not of itself evidence of malice, nor did it remove the qualified privilege from the communication. Decker v. Gaylord, supra. As to the contention that there was a want of “probable cause” for the publication, it is a sufficient answer to say that the use of this expression occurs quite frequently in the authorites, referring to the “recognized obligation or motive, legal, moral, or social, which may be fairly presumed *521 to have led to the publication, and therefore, prima, facie, relieves it from that just implication from which the general rule of law is deduced;” and to further say, that the evidence in this case, as we gather it from the record, shows, clearly, the existence of such probable cause, and a course of conduct and censurable words and deeds on the part of- the plaintiff sufficient to cause the defendants to honestly believe the truth of the charges made in the petition, and to give them a just cause, or excuse, for making them. Newell, supra, pages 391, 392, 393. The question to be determined is, Did the defendants employ the privileged occasion, in bad faith, to gratify or to further some indirect or malicious motive, or for some improper reason. If this be shown by the plaintiff, or if it appear from the evidence of the defendant, it is clear evidence of malice, and thus takes away from the communication its privileged character. Newell, supra, pages 392, 393. The complaint and the testimony of the plaintiff clearly established that the communication was a qualified privileged communication, and disclose that there was some reason and excuse for the charges made, and the testimony and all the evidence of the plaintiff fail utterly to show any malice on the part of defendants; the evidence of the defendants shows more clearly the same thing-; and, if the defendants had moved for a directed verdict at the close of their case, the court should have sustained it. The verdict of the jury is attributed to certain very erroneous instructions given them, as shown by the foregoing authorities and the illustration as to the instructions, following:
The court told the jury in two separately numbered instructions that, the defendants having pleaded the truth of the charge of immorality, the' burden of proof was upon them to prove that fact by a fair preponderance of the evidence, and if they have failed to do so, then the verdict should be for the plaintiff. The mere plea of truth of the charge did not authorize a verdict for the plaintiff in case the defendants failed to prove it. Decker vs. Gaylord, *522 supra. This is a correct rule in ordinary cases of libel or slander, but not in the case of a privileged communication, either qualified, or absolute. In such cases the burden is upon the plaintiff, assuming the falsity of the charge, to prove actual malice on the part of defendant, before a recovery can be had. Denver P. W. Co. vs. Holloway, and other cases, supra. The evidence of the plaintiff, herself, and especially that of the defendants, showed that the conduct of the plaintiff was improper, and, in the sense of contra bonos mores, immoral, as defined by Bouvier, and Words and Phrases, but all the evidence failed to show unchastity on plaintiff’s part; and it is very doubtful if the communication in the use of the words “immoral, or improper,” should be construed to mean unchasity. Such use discloses a lack of maliciousness, especially by the use of the disjunctive conjunction “or.” It does not require actual unchasity to unfit a teacher to teach school, or to authorize a discharge.
Strenuous objection is made by the plaintiffs in error as to the ruling of the court concerning the qualification of one of the jurors who tried the case, and one that was excused on peremptory challenge. Both of them stated they had an opinion, one an expressed opinion, and, while neither one of them should have been allowed to try the case, it is not believed the error was reversible, because both, after direct questioning by the court, signified a willingness and the power to lay aside such opinion and to try the case solely upon the evidence. It is only rare instances that jurors cannot be obtained who have neither formed nor expressed an opinion.
When the pleadings were filed in the case, it is very doubtful if counsel on either side fully considered the action as outside the usual action for ordinary libel, as the complaint alleges no malice or malicious purpose, and also shows on its face that the occasion of the communication was privileged, and the answer does not specifically plead that the occasion was privileged, nor that it was gotten up in good *523 faith. , The only allegation in the complaint tending to * statement of malice is the statement that the defendants got up the petition “to injure the plaintiff;” and the only effort of the answer to plead good faith or rely upon the privileged character of the occasion of the petition is the statement that “the defendants had no desire to injure the plaintiff in any manner.” Giving to both the complaint and the answer the benefit of all implications of law, it may be said that the complaint stated a cause of action, as against a general demurrer, and that the answer contained enough to show that the defendants acted in good faith, and had reasonable grounds for believing the truth of the matter stated in the petition, and were thus entitled to the benefit of the law as applied to qualified privileged communications.
It is concluded, however, that the evidence of the plaintiff failed entirely to show any malice or malicious purpose on the part of defendants, and that the evidence of the defendants very clearly and conclusively established good faith on their part, as well as the entire absence of malice, and a reasonable and probable cause and excuse for the charges made; so concluding, the judgment is reversed, and the lower court instructed to dismiss the action.

Reversed with instructions.