LEMMER, APPELLANT, *v.* THE "TRIBUNE" ET AL.,
RESPONDENTS.

(No. 3,500.)

(Submitted April 2, 1915.    Decided April 23, 1915.)

[148 Pac. 338.]

*Libel—General and Special Damages—Complaint—Insufficiency.*

Libel—Pleadings.
   1.   Plaintiff in an action for libel can recover only, if at all, for the
publication of the particular matter referred to in the complaint.
Words not pleaded, though published at the same time, cannot be relied
on.
   [As to general rules applicable to libel, see note in 4 Am. Dec. 348.]

Same—General Damages—Language must be Libelous *Per Se.*
   2.   To state a cause of action for general damages for libel, the lan-
guage complained of must be libelous *per se; i. e.,* such as, without the
aid of innuendo, imputes to plaintiff the commission of a crime or neces-
sarily exposes him to hatred, contempt, ridicule or obloquy.

   [As to what words are actionable *per se,* see notes in 1 Am. Dec.
448; 12 Am. Dec. 39; 41 Am. Rep. 590; 116 Am. St. Rep. 802.]

Same—What not Libelous *Per Se.*
   3.   *Held,* that language published by defendant the necessary inferences
from which were that plaintiff died from an overdose of morphine,
procured on a doctor's prescription by a stranger at plaintiff's in-
stance, was not libelous *per se.*

Same—Special Damages—Complaint—Insufficiency.
   4.   Where special damages are sought for a libelous publication, the
facts showing such damages must be alleged; hence a general allega-
tion that plaintiff was damaged in his business in consequence of the
publication of the article referred to above was insufficient in this
respect.

*Appeal from District Court, Cascade County; H. H. Ewing,
Judge.*

ACTION by Frank Lemmer against the "Tribune" and John
A. Curry.    From a judgment of dismissal, plaintiff appeals.
Affirmed.

*Mr. E. A. Smith,* for Appellant, submitted a brief, and argued
the cause orally.

In interpreting an alleged libelous publication the court will
construe it in its ordinary and popular sense, and will read it
exactly as in a newspaper out of court.    The vice of a libel
consists in the injury it inflicts upon the character, the feelings

and the business of the person concerning whom it is published. Manifestly, this will depend upon the interpretation that is placed upon it by the persons who read it; and those who read an alleged libelous publication will be presumed to be persons of common understanding. (*De Sando* v. *New York Herald Co.*, 88 App. Div. 492, 85 N. Y. Supp. 111; *Hotchkiss* v. *Olmstead*, 37 Ind. 74; *Bettner* v. *Holt*, 70 Cal. 270, 11 Pac. 713; *Tappan* v. *Wilson*, 7 Ohio, 190.)

Publications of rumors or hearsays or reports are libelous. An article is libelous though it purports to be and is the publication of a rumor only. (*Republican Pub. Co.* v. *Miner*, 3 Colo. App. 568, 34 Pac. 485; *Brewer* v. *Chase*, 121 Mich. 526, 80 Am. St. Rep. 527, 46 L. R. A. 397, 80 N. W. 575.) It is no defense that the defendant did not mean to libel plaintiff. (*Taylor* v. *Hearst*, 107 Cal. 262, 40 Pac. 392; *McAllister* v. *Detroit Free Press Co.*, 76 Mich. 338, 15 Am. St. Rep. 318, 43 N. W. 431; *Whiting* v. *Carpenter*, 4 Neb. (Unof.) 342, 93 N. W. 926.) In an action for defamation it is immaterial what meaning the speaker intended to convey. He may have spoken without any intention of injuring another's reputation, but if he has in fact done so, he must compensate the party. What was passing in his mind is immaterial, save in so far as his hearers could perceive it at the time. Words cannot be construed according to the secret intent of the speaker. The slander and the damage consists in the interpretation of the hearers. (*Berry* v. *Massey*, 104 Ind. 486, 3 N. E. 942; *Massuere* v. *Dickens*, 70 Wis. 83, 35 N. W. 349.)

*Innuendo:* The article complained of is fairly susceptible of a libelous construction without reference to any extrinsic fact or circumstance, and the innuendo fairly interprets its meaning; and more than this, the innuendo fairly sets forth the very meaning which is unmistakably pointed out in the article itself. Where there is no extrinsic fact or circumstance relied upon as giving to the publication a libelous meaning, the innuendo is simply a statement of the conclusion of the pleader as to the meaning of the language used. The purpose of the innuendo is

not to state facts, but to state the conclusion which the pleader draws from the language used.   (13 Ency. Pl. & Pr. 54, 55; *Ayres* v. *Toulmin*, 74 Mich. 44, 41 N. W. 855; *Singer* v. *Bender*, 64 Wis. 169, 24 N. W. 903; *Price* v. *Conway*, 134 Pa. St. 340, 19 Am. St. Rep. 704, 8 L. R. A. 193, 19 Atl. 687.)

*Messrs. Norris & Hurd* and *Messrs. Freeman & Thelen*, for Respondents, submitted a brief; *Mr. E. L. Norris* and *Mr. Freeman* argued the cause orally.

Did the publication of the article in question expose the appellant to hatred, contempt, ridicule or obloquy or cause him to be shunned or avoided?   To so hold would require the placing of an interpretation on the article not imputed by the words used.   To constitute libel *per se*, the language used must require no interpretation; it must be viewed by the court as a stranger might look at it, without the aid of special knowledge possessed by the parties concerned and susceptible of but one meaning, and that which leads to the injurious consequences.   (*Brown* v. *Independent Pub. Co.*, 48 Mont. 374, 138 Pac. 258.)   The plaintiff evidently had in mind this fact, and the further fact that by the natural and usual interpretation, the article did not constitute libel.   He sought by the allegation "meaning therein and thereby, that this plaintiff was and had been addicted to the use of 'dope' (morphine); that he had died from an overdose thereof; that he had purchased it clandestinely," which he employed by way of innuendo, to place upon the article a libelous import.   "The innuendo cannot change the character of the publication.   If it is not libelous *per se*, it cannot be made so by innuendo."   (*Brown* v. *Independent Pub. Co.*, *supra; Continental Nat. Bank* v. *Bowdre*, 6 Tex. Civ. App. 349, 25 S. W. 131; *Cole* v. *Neustadter*, 22 Or. 191, 29 Pac. 550; *Stitzell* v. *Reynolds*, 59 Pa. St. 488; *Dixon* v. *State*, 81 Ala. 61, 1 South. 69; *Bradley* v. *Cramer*, 59 Wis. 309, 48 Am. Rep. 511, 18 N. W. 268; *Barnes* v. *State*, 88 Md. 347, 41 Atl. 781; *Dun* v. *Maier*, 82 Fed. 169, 27 C. C. A. 100; *Vickers* v. *Stoneman*, 73 Mich. 419, 41 N. W. 495; *Coburn* v. *Harwood*, Minor (Ala.), 93, 12 Am.

Dec. 37; *Gaither* v. *Advertiser Co.,* 102 Ala. 458, 14 South. 788; 25 Cyc. 450.)

In the second count of his complaint, appellant seeks to recover special damages on account of alleged loss to his business as a taxidermist. "To sustain the action on the ground of special damages it is necessary that the complaint should set forth precisely in what way such special damages resulted. It is not sufficient to aver generally that the plaintiff has suffered special damages or that he has been put to great cost and expense thereby. But it must be made to appear by proper averment how much special damages were occasioned." (5 Ency. Pl. & Pr. 767; 25 Cyc. 454–456; Newell on Libel & Slander, 866; *Walker* v. *Tribune Co.,* 29 Fed. 827; *Pollard* v. *Lyon,* 91 U. S. 225, 23 L. Ed. 308; *Verbeck* v. *Duryea,* 36 Misc. Rep. 242, 73 N. Y. Supp. 346; *Jockin* v. *Brassler,* 114 App. Div. 177, 99 N. Y. Supp. 586; *Kansas City etc. R. Co.* v. *Delaney,* 102 Tenn. 289, 52 S. W. 151; *Brinkmann* v. *Taylor,* 103 Fed. 773; *American Ins. Co.* v. *France,* 111 Ill. App. 382; *Reinboth* v. *Ederheimer,* 134 N. Y. Supp. 16.)

MR. JUSTICE SANNER delivered the opinion of the court.

Action for libel. The complaint is in two counts. The first count charges that on December 24, 1913, in the Great Falls "Tribune," the defendants published of and concerning the plaintiff the following false and unprivileged matter, to-wit: "Some months ago there was quite a sensation sprung in this city when Frank Lemmer, a taxidermist, died from an overdose of morphine which he had secured at a drug-store on the prescription of a local doctor whom it was claimed had written the prescription for $1 when asked for it by a man who was an entire stranger to him. The man who got the prescription was also a stranger to Lemmer and went to the doctor at Lemmer's request"; that by such publication the defendants meant that the plaintiff "was and had been addicted to the use of 'dope' (morphine)," had died from an overdose thereof and had purchased it clandestinely; that by such publication plaintiff "has

been exposed to hatred, contempt, ridicule and obloquy and has been injured in his occupation; * * * has suffered and will continue to suffer great mental anguish, great humiliation, shame and disgrace, and loss to his business, all to plaintiff's damage in the sum of $25,000." The second count alleges the same publication without any innuendo; pleads that he is a taxidermist by occupation, maintaining a store and factory at Great Falls; that his principal source of income as a taxidermist is derived from points outside of Great Falls and in territory where the "Tribune" enjoys a wide circulation; that his business is such that he is engaged because of his personal attention and ability therein, and depends largely upon his good reputation; that he has resided in Montana many years and has a large circle of friends and business acquaintances; that the publication was willful and malicious and has exposed him to the hatred, contempt and ridicule of his friends, acquaintances and business associates, and has caused him to be shunned and avoided, and has injured him in his business, to his damage in the sum of $25,000.

The defendants demurred both generally and specially. The demurrer was sustained. The plaintiff, declining to plead further, suffered judgment of dismissal with costs. This appeal is from the judgment.

We are at a loss to understand the plaintiff's tactics in this case. Upon the bare chance that the trial court might be found in error in sustaining the demurrer, and without any necessity for so doing, he obstinately stands upon a complaint which, to say the least, was not in form most advantageous to him. We say without necessity, for, judging from his brief as filed in this court, he had a cause of action capable of being clearly and effectively stated. Our functions, however, are now limited to a determination whether there was error in sustaining the demurrer, and this we proceed to do.

It is an elementary rule of pleading in actions for libel that the plaintiff must recover, if at all, for the publication of the [1] particular matter referred to in the complaint. (25 Cyc.

447; 13 Ency. Pl. & Pr. 45.)  Other actionable words not pleaded, though published at the same time, cannot be made the basis of recovery.  (*Rundell* v. *Butler*, 7 Barb. (N. Y.) 260; *Gray* v. *Nellis*, 6 How. Pr. (N. Y.) 290; *Howard* v. *Sexton*, 4 N. Y. 157; *Harris* v. *Zanone*, 93 Cal. 59, 28 Pac. 845; *Pollard* v. *Lyon*, 1 McArth. (D. C.) 296.)  In the first count of the [2] complaint, the damages claimed are general, not special. To state a cause of action for such damages, the language complained of must be libelous *per se,* and to be libelous *per se* the language must be such as, without the aid of innuendo, imputes to the aggrieved party the commission of a crime or necessarily exposes him to hatred, contempt, ridicule or obloquy.  (*Brown* v. *Independent Pub. Co.,* 48 Mont. 374, 138 Pac. 258; *Cooper* v. *Romney,* 49 Mont. 119, 141 Pac. 289.)  The necessary infer- [3] ences from the words in question are, that Frank Lemmer died; that he died from an overdose of morphine; that the morphine was procured on a doctor's prescription, which prescription was obtained at Lemmer's instance by a stranger.  None of these circumstances, nor all of them taken together, necessarily suggest anything criminal or disgraceful.  It is no dishonor to die, and one may die without moral turpitude from an overdose of morphine procured on a doctor's prescription, even though a stranger acted as the messenger in the transaction.

The second count is an attempt to plead special damages on [4] account of loss to plaintiff in his business.  Speaking generally, there is no doubt that one may suffer such damages from almost any publication whatever, particularly a publication to the effect that he is dead; but whenever such damages are sought, it is not enough to aver generally that in consequence of the publication the plaintiff has been damaged in his business; the facts showing such damages must be alleged or no cause of action is stated.  (*Ledlie* v. *Wallen,* 17 Mont. 150, 42 Pac. 289; *Brown* v. *Independent Pub. Co., supra; Walker* v. *Tribune Co.,* 29 Fed. 827.)  No such facts are made to appear in the second count.

It follows that the demurrer to the complaint was properly sustained. The plaintiff's refusal to plead further justified the judgment appealed from, and the same is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

