## No. 9066.

### LA PLANT *v.* HYMAN, ET AL.

1. DEFAMATION—*Privileged Occasion.* A letter prepared by stockholders in a corporation, and published only to their fellow stockholders, charging bad faith on the part of the directors in certain particulars of corporate management, is privileged, in the absence of malice.

2. —— *Questions for the Court and Jury.* Whether the occasion for the publication of defamatory matter was privileged, is for the court. Whether the publication was actuated by malice, is for the jury.

3. —— *Directed Verdict.* Where the occasion of publication was a privileged one, and the plaintiff produces no evidences of malice, the court should direct the verdict for the defendant.

*Error to Denver District Court, Hon. H. P. Burke, Judge.*

Mr. EDWIN H. PARK, Mr. THOS. H. GIBSON, for plaintiff in error.

Messrs. PETERS & BARKER, Mr. RICHARD McKNIGHT, for defendants in error.

Opinion by Mr. Justice Allen.

THIS is an action for libel, and is based upon a certain circular letter prepared and published by the defendants, under the circumstances hereinafter noted.

At the conclusion of the plaintiff's evidence, the trial court, on motion of the defendants, directed a verdict in their favor, and thereafter judgment was duly entered, dismissing the cause. The plaintiff brings error.

On July 28, 1913, the plaintiff and certain other persons were elected as members of the board of directors of a certain mining corporation. The defendants were then, and also thereafter, and at the time of the publication of the alleged libel complained of, stockholders in the corporation. Shortly prior to the time for the next election of directors, and after a general meeting of stockholders had been called for May 5, 1914, the defendants issued the circular letter on which this action for libel is based. The letter was dated April 20, 1914, and was addressed to, and circulated among, the stockholders of the mining corporation above mentioned. It appears to be conceded, and there is no evidence to the contrary, that the circular letter was published to no other persons than such stockholders. The communication in question related solely and entirely to the business affairs of the corporation, and to the plaintiff's and other directors' connection with, or conduct concerning, such corporate affairs. The alleged libelous matter consisted of statements showing, or tending to show, that plaintiff and others were guilty of a "conspiracy," and were and had been acting in bad faith toward the company with reference to a certain claim against the company made by one Fridley, and also with reference to a certain lease let by the directors to one Skahen, whereby, it was alleged, the "ruination" of the company was being "accomplished."

It is clearly shown by the pleadings and the evidence in the case, and it is conceded by both sides in the argument, that the defendants' circular letter was issued and published upon a privileged occasion. The letter was upon a subject in which the defendants and other stockholders

in the corporation had a common business interest, and was therefore a privileged communication. The authorities are uniform on this point, although the cases generally refer to communications made in stockholders' meetings. The rule is expressed in *Kimball v. Post Pub. Co.*, 199 Mass. 248, 19 L. R. A. (N. S.) 862, 127 Am. St. Rep. 492, 85 N. E. 103, (note 26 L. R. A. (N. S.) 1081), as follows:

"No doubt a stockholder at such a meeting, speaking to stockholders, may with impunity say things derogatory to an officer or manager of the company, provided that what he says be pertinent to the matter in hand, and he speaks in good faith and without malice. His justification rests upon the fact that he is speaking to the stockholders upon a subject in which he and they have an interest."

The communication complained of in the instant case being privileged, it was incumbent upon the plaintiff to prove malice. This the plaintiff failed to do. There is no evidence that the defendants employed the privileged occasion, in bad faith, to gratify or to further some indirect or malicious motive, or for some improper reason. There was some foundation for the defendants' believing that they had cause for complaint regarding the plaintiff's connection with the Skahen lease and the Fridley claim. We do not find that the defendants included in their letter any statements or language of a defamatory nature not warranted by the occasion which called forth the publication, or that the defendants exceeded the just limits which were necessary and proper to accomplish the legitimate purposes of protecting their corporation.

Under the foregoing circumstances, which we find are shown by the record, the trial court properly directed a verdict for the defendants, under the rule stated in *Hoover v. Jordan*, 27 Colo. App. 518, 150 Pac. 333, as follows:

"The question of privilege is for the court, and of malice, for the jury. If the plaintiff in any case where it has been determined that the communication was privileged, either

absolute or qualified, has not produced any evidence of malice, the court should direct a verdict for the defendant, even though it is conclusively shown that the matter in the communication was false."

For a discussion of the principles of law relevant to an examination of the instant case, or which are applicable thereto, see *Hoover v. Jordan, supra,* and *Denver P. W. Co. v. Holloway,* 34 Colo. 432, 83 Pac. 131, 3 L. R. A. (N. S.) 696, 114 Am. St. Rep. 171, 7 Ann. Cas. 840.

The judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.