MANLEY, APPELLANT, *v.* HARER ET AL., RESPONDENTS.

(No. 6;168.)

(Submitted January 25, 1928.   Decided March 3, 1928.)

[264 Pac. 937.]

*Libel—Taxpayers Petitioning Removal of County Officer—*
*Privileged Publication in Absence of Malice—Evidence—*
*Court may Withdraw Case from Jury, When.*

Libel—Evidence as to Malice in One Only of Large Number of Defendants Inadmissible—Reason.
1.   In an action for libel by a county employee against a large number of taxpaying residents jointly, who had presented a petition to the board of county commissioners asking for plaintiff's removal for certain reasons stated therein, evidence tending to show malice in two of defendant petitioners only was properly excluded, since, the action being joint against all defendants, requiring a joint verdict, the evidence, if admitted, might have worked to the prejudice of those defendants who were not actuated by malice in signing the petition by a possible increase of the amount of recovery against all because of presence of malice in but two.

Same.
2.   For the reason above the court did not err in excluding offered testimony that one of defendants had been active in circulating the petition for signature, offered as it was for the purpose of showing malice against plaintiff in the one circulating it.

Same—Publication of Petition Signed by Taxpayers Asking Removal of County Employee Privileged if Malice Absent.
3.   Under the law of libel, the publication of a petition signed by taxpayers containing charges against a public officer or employee of a violation of his obligations to the financial detriment of the county, and asking for his removal, is privileged unless made with malice, even though the statements contained therein are false.

Same—Court may Withdraw Case from Jury, When.
4.   Notwithstanding the provision of section 10 of Article III of the Constitution, that in an action for libel the jury shall de-

3.   Complaint against officer or employee to person or body having power in matter as privileged, see notes in 104 Am. St. Rep. 119; 19 Ann. Cas. 1196; Ann. Cas. 1913C, 824; Ann. Cas. 1917C, 29; Ann. Cas. 1918B, 977; 25 L. R. A. (n. s.) 455; 27 L. R. A. (n. s.) 1041. See, also, 17 R. C. L. 361.

4.   Relative province of court and jury as to privileged occasion and privileged communication in law of libel and slander, see note in 26 A. L. R. 830. See, also, 16 Cal. Jur. 122; 17 R. C. L. 427. Privileged communication as question of law or fact, see note in 10 Ann. Cas. 1152.

termine the law as well as the facts, the question whether an alleged libelous communication is privileged or not is one for determination by the trial court as one of law, and where it was privileged and there was no evidence of malice presented, the court properly withdrew the case from the jury by granting defendant's motion for nonsuit.

[1]   Libel and Slander, 37 C. J., sec. 323, p. 20, n. 56; sec. 479, p. 77, n. 2; sec. 558, p. 112, n. 75.
[2]   Libel and Slander, 37 C. J., sec. 467, p. 73, n. 18.
[3]   Libel and Slander, 36 C. J., sec. 163, p. 1216, n. 44; sec. 246, p. 1264, n. 30.
[4]   Courts, 15 C. J., sec. 344, p. 950, n. 59. Libel and Slander, 37 C. J., sec. 550, p. 106, n. 87.

*Appeal from District Court, Broadwater County, in the Fourteenth Judicial District; Edgar J. Baker, a Judge of the Tenth District, presiding.*

ACTION by William Manley against Henry Harer and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. Wellington D. Rankin* and *Mr. C. E. Pew,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. E. H. Goodman, Mr. Fred W. Schwartz* and *Mr. Frank T. Hooks,* for Respondents, submitted a brief; *Mr. Goodman* and *Mr. Hooks* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is the second appeal in this case; the first was from a judgment of dismissal after a demurrer to the complaint had been sustained. (*Manley* v. *Harer et al.,* 73 Mont. 253, 235 Pac. 757.)

The complaint contains three causes of action, the charging parts of which are so similar that for present purposes they may be treated as one. It alleges that plaintiff, a resident of Broadwater county, has been for several years engaged in

teaming, road construction and similar work as a means of earning a livelihood for himself and family; that, since March 1, 1921, up to the time of the commencement of the suit, he has been employed as a road supervisor of Broadwater county, and that, about June 6, 1922, the defendants, "acting jointly and in concert, deceitfully, falsely, and maliciously and without privilege published of and concerning the plaintiff" a certain libelous writing. The writing is set forth in full in the opinion of the court on the former appeal, and need not be repeated here. The writing is in the form of a petition addressed to the board of county commissioners of Broadwater county, signed by the defendants as taxpayers and residents of that county, and asserted, in addition to other things, that plaintiff, as road supervisor, "does not put in full time, but draws warrants for full time," and petitions the board that the plaintiff "be relieved of his said position," and "be not again employed on county work." It is further alleged that the writing was signed by each of the defendants, and that the statement therein that he "does not put in full time, but draws warrants for full time," was false, malicious, defamatory and untrue; that its publication exposed, and still exposes him to hatred, contempt and obloquy, impeaches his reputation for honesty, and tends to injure him in his occupation—all to his damage, etc.

After the cause went back to the district court the defendants other than Mereness, Cox, Miller and Buckingham filed a joint answer, in which they admitted that they signed a petition similar to the one mentioned in the complaint, which was filed with the commissioners of Broadwater county, and then undertake to plead facts showing that the language used in the petition was privileged. Issue was framed upon the affirmative allegations of plaintiff's reply. The defendants Miller and Buckingham filed a joint answer, but the case was subsequently dismissed against them, so that their answer need not be considered.

The cause was brought on for trial before the court sitting with a jury. At the close of plaintiff's testimony the answering defendants as to whom the cause had not been dismissed .moved for a nonsuit upon several grounds, which may be summarized as follows: That the publication alleged was a privileged communication, and that it was not shown to have been maliciously made; that it does not appear that the publication was false; that it does not appear that the defendants acted in concert; and that the condition of the records of Broadwater county at the time of the filing of the petition justifies the same. This motion was sustained by the court, and judgment entered in favor of the defendants. Plaintiff made a motion for a new trial, which was denied, and he has appealed from the judgment.

Counsel for plaintiff have made nine specifications of error in their brief filed herein, the first four of which present for review rulings upon the admissibility of evidence made during the progress of the trial, and the last five the order of the court granting defendants' motion for a nonsuit.

1. The evidence referred to in the first three specifications [1] of error, if admitted, would have tended to show ill feeling and malice of two of the defendants against the plaintiff. Plaintiff's case is predicated upon the joint action of the defendants in publishing the libelous matter contained in the petition. When this testimony was sought to be introduced, there were twenty-five defendants remaining in the case. Evidence of the fact that a defendant entertained and had shown malice or feeling of ill will toward the plaintiff would be competent if the action were against him alone, as a basis for increasing the amount of recovery. (*Cooper* v. *Romney,* 49 Mont. 119, Ann. Cas. 1916A, 596, 141 Pac. 289.) But where there are numerous defendants, and the case made by plaintiff is such that, if he recovers, he must recover against all, such evidence should not be admitted. Plaintiff was not required to bring his action against these defendants jointly. He might have proceeded against any one of them individually.

but, having elected to bring a joint action in which the verdict must be joint, he should not be permitted to show a condition which might prejudice the jury against one defendant over the others, for the obvious reason that this prejudice might have. a tendency to increase the amount of recovery against the other defendants against whom such prejudice did not exist, or, as stated by the supreme court of Pennsylvania, in *Leidig* v. *Bucher,* 74 Pa. 65: "One should not suffer from the prejudice existing against the other, nor should the damages against him be aggravated by the odium attaching to the worse conduct of the others."

The court did not err in excluding the offered evidence.

2. While a witness, Cottrell, was on the stand, plaintiff's [2]  counsel inquired of him whether any of the defendants had brought the petition in question to him for signature.  An objection to this question was sustained, whereupon counsel offered to prove by the witness that the defendant Harer had brought the petition to him for signature, and that Harer had been active in circulating the same.  An objection to this offer was sustained, and this is made the basis of the fourth specification of error.

It would seem that the only purpose of offering this testimony was to show that the defendant Harer entertained malice and ill will against the plaintiff.  If such was the purpose, then the ruling of the court thereon was correct, as shown in the last preceding paragraph of this opinion.

3. Did the court err in sustaining defendants' motion for a [3]  nonsuit?  The first three grounds of the motion were to the effect: (1) That the alleged publication was privileged; (2) that no proof of malice had been introduced; and (3) that it did not appear from substantial evidence that the publication was false.

As to the second and third of these grounds, it is sufficient to say that an examination of the evidence shows that the plaintiff did not introduce any evidence of malice, but that there was sufficient proof to make out a prima facie showing

that the charge made against the plaintiff by the defendants was false.

Our statute (section 5690, Revised Codes of 1921) defines libel as a "false and unprivileged publication. * * * " There is no mention of malice in this definition. In *Cooper* v. *Romney*, supra, the court said: "The presence or absence of malice becomes material only as a circumstance affording a basis for increasing or diminishing the amount of recovery, and in cases involving the question of privileged communication." Section 5692, Id., says: "A privileged publication is one made: * * * 3. In a communication, without malice, to a person interested therein, by one who is also interested, or by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information."

The publication set forth in the complaint and established by the proof was, prima facie, a privileged one. It showed that the defendants were residents and taxpayers of the county, and as such interested in its welfare; that the plaintiff, an employee of the county, was violating his obligations as such, to the financial detriment of the county; that it was made to the board of county commissioners, the body having the control and management of the financial affairs of the county by which the plaintiff has been employed, and which had the power to remove him at its pleasure. (Sec. 1624, Rev. Codes, 1921.)

In 17 R. C. L., page 361, section 110, the general rule applicable to such publications is stated as follows: "It is generally held that a complaint against a public officer or employee, made to his superior or to a body having control over him, is qualifiedly privileged within the law of libel and slander, and hence does not impose on the complainant any liability, irrespective of whether the statements therein contained are false, provided they are not made maliciously."

Under the plain definition of the statute, the publication

was privileged, if made without malice. (*Manley* v. *Harer et al.*, supra.) The evidence did not show malice. The circumstances under which the publication was made are not in dispute.

The question is then presented whether, upon this state of [4] the record, the court was authorized to take the case from the jury upon motion for a nonsuit.

Section 10 of Article III of our state Constitution provides: "No law shall be passed impairing the freedom of speech; every person shall be free to speak, write, or publish whatever he will on any subject, being responsible for all abuse of that liberty; and that in all suits and prosecutions for libel, the truth thereof may be given in evidence; and the jury, under the direction of the court, shall determine the law and the facts."

In the case of *Harrington* v. *Butte Miner Co.*, 48 Mont. 550, Ann. Cas. 1915D, 1257, 51 L. R. A. (n. s.) 369, 139 Pac. 451, the court had this provision under consideration in determining whether the jury in a libel case was bound by an instruction that the publication complained of was libelous in itself, and it was decided that as to the question of "libel or no libel" the jury was not so bound. The question of privilege was not involved. In the course of the opinion, however, the court referred to the case of *Ross* v. *Ward*, 14 S. D. 240, 86 Am. St. Rep. 746, 85 N. W. 182, and quoted language therefrom to the effect that whether a communication was privileged was a matter to be determined by the jury. Of course, the mere fact that such language was quoted in the opinion, when the question of privilege was not involved, would not be binding upon the court as a precedent for its guidance, when the matter is directly presented for determination, as it is in the present case.

*Cooper* v. *Romney*, supra, decided a short time after *Harrington* v. *Butte Miner Co.*, supra, was an action for libel. The trial court sustained defendant's motion for a nonsuit and its action was affirmed by this court, on the ground that the

[82 Mont. 30.]

plaintiff had failed to prove one of the elements essential to entitle him to recover, viz., the falsity of the published article. This was a direct recognition of the rule that such a motion, under proper conditions, may be made in a libel case in this state, and that, when there is a total absence of proof of some fact necessary to establish a cause of action, the case becomes one of law for the court.

In a subsequent case, *McLean* v. *Merriman,* 42 S. D. 394, 175 N. W. 878, the supreme court of South Dakota, where the question of privileged communication was directly involved, sustained a judgment entered on a directed verdict on the sole ground that, as a matter of law, the publication was privileged, unless the privilege had been destroyed by proof of malice, the burden of establishing which was upon the plaintiff, and that there was "absolutely no evidence upon which a finding of malice could have been based." No mention of *Ross* v. *Ward* was made in this latter case, but the holding appears to be directly contrary to the rule laid down in the former case.

Examination of a great number of authorities leads us to the conclusion that the case of *Ross* v. *Ward* stands alone in holding that the question of whether a publication is privileged should be submitted to the jury, and that it is not supported by any authority.

Colorado and Missouri have constitutional provisions quite similar to our own. In the case of *Wagner* v. *Scott,* 164 Mo. 289, 63 S. W. 1107, the Missouri court quoted with approval from Newell on Slander and Libel and said: "The question of privilege or no privilege is entirely one of law for the judge; that is to say, it is exclusively for the judge to determine whether the occasion on which the alleged defamatory statement was made was such as to render the communication a privileged one."

In *Hoover* v. *Jordan,* 27 Colo. App. 515, 150 Pac. 333, which was a case involving a privileged communication, the court said: "If the occasion, the motive, and the cause be

proper, the publication or communication, if made in good faith, does not imply malice, as in ordinary libel or slander; but malice must be proved by the person claiming to have been defamed, and the mere falsity of the alleged defamatory matter is not sufficient. The question of privilege is for the court, and of malice, for the jury''—citing Newell on Slander and Libel, 2d ed., 391; Odgers on Libel and Slander, 5th ed., 229.

In an extended note contained in 26 A. L. R., beginning at page 852, the cases upon this subject are collected, and from them it seems the rule, approved in *Cooper* v. *Romney,* supra, and announced in the foregoing cases, has unanimous approval.

Since the publication complained of in this case was prima facie privileged, and the plaintiff failed to introduce any proof to show that it was made with malice, we conclude that the evidence, viewed in its most favorable light, was not sufficient to entitle him to prevail, and therefore the court did not err in sustaining the defendant's motion for a nonsuit. This determination makes it unnecessary to consider other matters discussed in the briefs of counsel.

After the original opinion in this case was handed down, a rehearing was granted, and said opinion is now withdrawn and this one substituted therefor.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS and GALEN concur.

MR. JUSTICE MATTHEWS, being disqualified, did not hear the argument and takes no part in the foregoing opinion.

Rehearing denied March 22, 1928.