No. 12,272.

WALKER v. HUNTER ET AL.

Decided December 9, 1929.

Mr. B. A. Gates, for plaintiff in error.

Mr. F. F. Hunter, Mr. J. Paul Hill, for defendants in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

This is an action for libel brought by Nora M. Walker against J. C. Hunter and others. The defendants filed a general demurrer to the complaint. The court sustained the demurrer and dismissed the action.

Two causes of action, based upon the same publication, are pleaded in the complaint; the first being for damages for injury to the plaintiff in her business; the second, for damages to the plaintiff's reputation.

From the complaint it appears that the defendants signed and presented to the board of county commissioners of Adams county a petition worded as follows:

"Whereas: The management, conduct and existing immoral conditions of the Walker dance hall located ½ mile east of the Sand Creek bridge of the Brighton road, are such that, said dance hall has become a public nuisance and a detriment to the community at large;

"Therefore: We, the undersigned, do earnestly petition that you deny a license to and close the said dance hall."

The board has full power to grant, refuse to grant, revoke and cancel such licenses. S. L. '27, ch. 147. The occasion, therefore, was such as to make the publication qualifiedly, or conditionally, privileged. In order to deprive the publication of its privileged character, it must appear that it was made with express malice. The defendants say that the complaint contains no allegation of express malice, and that, as the complaint shows that the publication was qualifiedly, or conditionally, privileged, the demurrer was properly sustained.

In each cause of action it is alleged that the de-

fendants falsely, maliciously and with intent to injure and prejudice the plaintiff, published the libel; that the publication was false, and at the time of the publication was well known by the defendants to be false; that in committing the tort the defendants were guilty of malice and wilful deceit, and that the injury complained of was attended by circumstances of malice and insult and a wanton and reckless disregard of plaintiff's rights and feelings. These allegations sufficiently charge express malice. *Morley v. Post Printing and Publishing Co.*, 84 Colo. 41, 268 Pac. 540. In *Hoover v. Jordan,* 27 Colo. App. 515, 150 Pac. 333, a case of qualified, or conditional, privilege, the only allegation tending to show express malice was that the defendants got up the petition "to injure the plaintiff," and the court held that this was good as against a general demurrer (pages 522, 523). In 3 Bancroft's Code Pleading, p. 2922, § 1747, it is said: "But express malice, where necessary, is sufficiently alleged by a simple averment that the publication was made maliciously."

The judgment is reversed, and the cause is remanded for further proceedings in harmony with the views expressed in this opinion.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.