CAMPBELL, APPELLANT, *v.* POST PUBLISHING CO., RE-
SPONDENT.

(No. 7,026.)

(Submitted March 13, 1933.  Decided March 25, 1933.)

[20 Pac. (2d) 1063.]

*Mr. Frank K. Sullivan, Mr. Roy P. Leahy* and *Mr. Philip O'Donnell,* for Appellant, submitted a brief; *Mr. O'Donnell* argued the cause orally.

14

*Mr. D. M. Kelly, Mr. D. G. Stivers, Mr. John V. Dwyer* and *Mr. John A. Groeneveld,* for Respondent, submitted a brief; *Mr. Dwyer* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action for damages for an alleged libel. At the conclusion of all of the evidence the court granted defendant's motion for a directed verdict in its favor. Plaintiff's motion for a new trial was denied, and she appealed from the judgment.

In denying the motion for new trial the court's order recites: "Herein upon plaintiff's motion for a new trial after a verdict directed by the court in favor of defendant after trial had upon the merits, from all of which testimony plaintiff's complaint was supported as to all the material allegations of fact therein alleged, save and except as to proofs of actual damages (nominal damage not being allowable under the pleadings by reason of the publication not being libelous in itself), and no special damage having been alleged in the complaint and none having been shown, the court this day denies said motion for a new trial herein."

The effect of the court's order is to hold that the complaint is insufficient and that the want of allegations was not cured by the evidence. If the complaint is insufficient, the order must be sustained. (*Bray* v. *Cove Irr. Dist.*, 86 Mont. 562, 284 Pac. 539.)

The complaint charges that defendant printed and published at Butte, on February 20, 1931, the following article in its newspaper, which was widely circulated, to-wit:

"To honor Mrs. P. McGivern, whose birthday occurred during the week, Mrs. Marian Campbell Evans, Mrs. May Doran, and Mrs. Nellie Shea arranged a surprise party at the McGivern home on Boardman Street.

"Dancing and the serving of a midnight supper gave pleasure to the guests who were Mr. and Mrs. C. Karls, Mr. and Mrs. M. Murphy, Mr. and Mrs. J. B. Sullivan, Mr. and Mrs. J. Engligh, Mr. and Mrs. R. C. Hendrickson, Mr. and Mrs. T. M. Griffin, Mr. and Mrs. J. Evans, Mr. and Mrs. M. Brady, Miss Jewell Whalen, Miss Maureen Doran, Miss S. Forbis, Dick Hodge, Mike Hunt and Haves Hoar with the honor guest."

It alleges that plaintiff is the wife of Dan Campbell and enjoys a good reputation; that there is no such person as Mrs. P. McGivern, but that Patrick McGivern is a resident of Butte and a friend of plaintiff; that about the time of the publication a Mrs. Bridget Gallagher resided in Butte and that there was a rumor current among the friends of McGivern, Mrs. Galla-

gher, and plaintiff that McGivern and Mrs. Gallagher intended to intermarry; that no surprise party had been given, and that the publication was false *in toto;* that plaintiff is known among her friends, both as Mrs. Mary Campbell and Mrs. Marian Campbell; that the published words "Mrs. Marian Campbell Evans" were of and concerning plaintiff; that J. Evans, referred to in the published article, refers to James Evans, a roomer at the rooming-house conducted by plaintiff in Butte; that James Evans and Ruby O. Evans prior to March 6, 1931, were husband and wife; that on January 24, 1931, James Evans commenced action against his wife for a divorce and had ceased to live with her after January 19, 1931, which facts were generally known by the friends of James Evans and plaintiff in Butte. It is charged that by the words "Mrs. Marian Campbell Evans" and "Mr. and Mrs. J. Evans" it was meant to the friends of plaintiff that plaintiff and James Evans (a) had intermarried at a time when they were both then and there married, and known to be married, to other persons; (b) had committed the crime of bigamy; (c) had attended a surprise party as husband and wife at a time when both were then and there married to other persons; (d) had improper and immoral relations between themselves; (e) had been guilty of immoral and improper intimacy between themselves. Other far-fetched and extravagant allegations by way of innuendo were set forth, but we need not allude to them specifically.

It is alleged that the publication did "injure, degrade, insult and belittle the plaintiff and expose her to public odium, insult, hatred, ridicule, obloquy and contempt"; that by reason of the publication the plaintiff has been damaged in the sum of $25,000, for which she asked judgment.

The complaint on which the case was tried contains no allegation of special damages. Unless the alleged defamatory words are libelous *per se,* they cannot be made so by innuendo. " 'The opprobrious words are to be construed according to their usual, popular and natural meaning and common acceptation, that is, in the sense in which persons out of court and of

18

ordinary intelligence would understand them.' (*Daniel* v. *Moncure*, 58 Mont. 193, 190 Pac. 983.)'' (*Burr* v. *Winnett Times Pub. Co.*, 80 Mont. 70, 258 Pac. 242, 244.)

The entire printed article must be viewed by the court as ■ a stranger might look at it, without the aid of special knowledge possessed by the parties concerned. (*Woolston* v. *Free Press*, 90 Mont. 299, 2 Pac. (2d) 1020, 1021.) And ''in order to render a publication actionable *per se*, the language used therein must be susceptible of but one meaning, and that an opprobrious one'' (*Burr* v. *Winnett Times Pub. Co.*, supra), ''and must on its face show that the derogatory statements, taken as a whole, refer to the plaintiff, and not to him or some other person'' (*Rowan* v. *Gazette Printing Co.*, 74 Mont. 326, 239 Pac. 1035, 1037).

The language complained of is not susceptible of an oppro-■ brious meaning without the aid of far-fetched innuendo. When this is so, under the repeated decisions of this court, in order to warrant a recovery there must be allegation and proof of special damages. (*Manley* v. *Harer*, 73 Mont. 253, 235 Pac. 757; Id., 82 Mont. 30, 264 Pac. 937; *Burr* v. *Winnett Times Pub. Co.*, supra; *Lemmer* v. *The Tribune*, 50 Mont. 559, 148 Pac. 338; *Brown* v. *Independent Publishing Co.*, 48 Mont. 374, 138 Pac. 258; and see *Tucker* v. *Wallace*, 90 Mont. 359, 3 Pac. (2d) 404.)

There being no allegation of special damages, the complaint was insufficient to state a cause of action.

Plaintiff assigns error on the part of the court in striking certain paragraphs from the complaint. We have carefully considered the assignment and find that the allegations were properly stricken.

The judgment is affirmed. On motion for rehearing the opinion promulgated on March 25, announcing the same conclusion, is withdrawn and this opinion substituted therefor. Remittitur forthwith.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

Rehearing denied April 15, 1933.