## No. 12,802.

WALKER *v.* HUNTER ET AL.
(22 P. [2d] 133)

Decided May 8, 1933.

Mr. B. A. GATES, for plaintiff in error.

Mr. J. PAUL HILL, Mr. F. F. HUNTER, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case and the parties are the same ones before us in *Walker v. Hunter*, 86 Colo. 483, 283 Pac. 48. There a complaint, on which the plaintiff elected to stand after the trial court had sustained a demurrer interposed by the defendants, was held to state facts sufficient to constitute a cause of action for libel. The alleged defamation is contained in a petition to the board of county commissioners of Adams county, signed in July of 1927 by the 60 defendants (along with 125 other persons not sued herein), and requesting the board's denial of a license to operate a certain dance hall. Reference is made to our opinion, supra. We declared that the circumstances surrounding the communication presumptively clothed the defendants with a qualified privilege which would protect them against any civil liability unless the actual malice pleaded were proved. The complaint has remained unchanged. An answer was duly filed relying upon the qualified privilege and denying malice. The case accordingly went to trial before a jury in the district court. Upon plaintiff's resting in chief, the judge on defendant's motion directed a verdict for the defendants

and entered judgment in their favor. The case is again before us, this time to determine whether there was sufficient evidence to go to the jury, and whether there was prejudicial error in rulings on the admissibility of evidence.

█ █ The evidence in the record is palpably insufficient. Far from establishing the malice, which is an indispensable element in this kind of case, its inadequacy is so pronounced that, if a jury had brought in a verdict on the strength of it, the plain duty of the trial judge would have been to set the verdict aside. Newell, Slander and Libel (4th Ed.), p. 801, §717, and pp. 802, 803, §718 (7). The motion for a directed verdict was properly sustained.

█ The assignments of error based upon the admission and exclusion of particular evidence are also without merit. Even if the evidence that was excluded had been received, and the evidence that was received over the objection of plaintiff had been rejected, our decision would have to be the same. There was no prejudicial error in the rulings.

The judgment is affirmed.

MR. JUSTICE HILLIARD not participating.