[No. 7,089.—In Bank.]

ELISHA DE WITT v. HENRY WRIGHT.

LIBEL—SLANDER—COMPLAINT—PLEADING.—Section 460 of the Code of Civil Procedure does not do away with the necessity of alleging in a complaint upon a libel or slander that the person or persons who read the writing or heard the words knew that the plaintiff was meant.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Ninth District Court, Siskiyou County. ROSBOROUGH, J.

*Rhodes & Barstow*, for Appellant.

The demurrer to the complaint should have been sustained.

The telegram does not, in terms, refer to the plaintiff; nor does the complaint state that the person to whom it was sent knew that it referred to the plaintiff; nor does it state any facts from which it might be inferred that the plaintiff was meant.

*Miller* v. *Maxwell*, 16 Wend. 18, is to the effect that the libel must designate the plaintiff in such a way that those who knew him, or saw it, knew that the plaintiff was the person meant. It cites *Fisher* v. *Clement*, 10 Barn. & C. 472; and also cites from the decision in Cro. Eliz. 496 : "My enemy is an extortionist. Though the words are alleged to have been spoken of the plaintiff, the Court says it is not material, for it could not so appear to those that heard them." (Townshend on Slander and Libel, § 131; 2 Stark. on Ev. *453; *King* v. *Herne*, Cowp. 184; *Gibson* v. *Williams*, 4 Wend. 324.)

*H. Edgerton*, and *C. Edgerton*, for Respondent.

The complaint alleges that the telegram was *published* of and concerning the plaintiff. Published *ex vi termini* imports that the telegram was understood by some one who read it, or by whom it was read. Webster thus defines the verb publish : "To make public ; to make publicly known." It is one of the requisites of a "publication" of a defamatory writing that it be understood. To constitute a slander, it is essential that the slanderous words be spoken in the presence of third persons. Yet it has been held, that an allegation that the defendant *published* the words is sufficient, without alleging specially the presence of others. (Townshend on Slander and Libel, 3d ed. p. 570; *Duel* v. *Agan*, 1 Code R. 134; *Burton* v. *Benton*, 3 Iowa, 316.)

By a parity of reasoning, an averment that a defamatory writing was published *of and concerning* the plaintiff is equivalent to an averment that it was "made publicly known" *of and concerning him.*

Ross, J.:

The complaint alleges that the defendant "made, subscribed, and published, concerning said plaintiff, a libel, to wit: That said defendant did  *   *   *   make and send to R. O. De Witt (plaintiff's brother),  *   *   *   by telegraph, a dispatch in the words and figures following: 'Fort Jones, March 21st, 1876. To R. O. De Witt, Yreka.—He has been stealing, and I want you to come and clear him. If not, I will put him

through for it.    H. Wright.'"    And the complaint alleges that the words "he" and "him" were intended by the defendant to mean the plaintiff, and "that said publication was false, and a libel on said plaintiff."    The defendant interposed a demurrer, which was overruled.    It ought to have been sustained.    According to the averment of the complaint, the "publication" consisted of the making and sending of the telegram to R. O. De Witt.

That the matter therein stated is libelous *per se*, is not disputed.    But to enable the plaintiff to maintain an action on it, it is essential not only that it should have been written concerning the plaintiff, but also that it was *so understood* by at least some one third person.    (Townshend on Slander and Libel, §§ 108, 95, 96; *Miller* v. *Maxwell*, 16 Wend. 9; *Woolworth* v. *Meadows*, 5 East, 231; *Bourke* v. *Warren*, 2 Car. & P. 307.) There is nothing in the complaint to indicate that R. O. De Witt knew who was meant by the words "he" or "him"; and if he did not know, it is clear that one of the essential elements of the cause of action was wanting.    By § 460 of the Code of Civil Procedure, it is rendered unnecessary to state in the complaint any extrinsic facts for the purpose of showing the *application to the plaintiff* of the defamatory matter, but it is sufficient to state, generally, that the same was published or spoken *concerning* plaintiff; but this section, in our opinion, does not do away with the necessity of the averment that the person or persons who read the writing or heard the words *knew* the plaintiff was meant.    Without such knowledge, as already observed, there could be no cause of action.

Judgment and order reversed, and cause remanded, with directions to the Court below to sustain the demurrer to the complaint.

MORRISON, C. J., MCKINSTRY, J., SHARPSTEIN, J., MYRICK, J., and THORNTON, J., concurred.