[No. 8,130. In Bank.—April 29, 1885.]

## B. J. RHODES, RESPONDENT, v. H. M. NAGLEE, APPELLANT.

SLANDER—PLEADINGS—CALLING PLAINTIFF A THIEF—WORDS ACTIONABLE PER SE.—In an action for slander, the complaint alleged that the defendant, in the presence and hearing of the plaintiff and other parties—naming them—spoke of and concerning the plaintiff, falsely and maliciously, the following words, viz : "You are a thief; you make your money by stealing." *Held*, that a cause of action was stated, as the words were actionable *per se.*

ID.—APPLICATION OF LANGUAGE TO PLAINTIFF.—The actionable words being in the vernacular of the place of publication, and unambiguous, an allegation that they were understood by the persons who heard them to have been applied to the plaintiff is unnecessary.

ID.—SOCIAL CONDITION OF PLAINTIFF—DAMAGES.—On the trial of the action, the plaintiff may prove, in aggravation of damages, that he was a married man, and had a family.

ID.—EXCESSIVE VERDICT.—Under the circumstances of the case, a verdict for the plaintiff of $3,000, *held*, excessive.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

Action for slander.  The facts are sufficiently stated in the
opinion of the court.

*Wm. Matthews*, for Appellant.

*J. C. Black*, for Respondent.

MORRISON, C. J.—Action for slander, and verdict for $3,000
damages.  The first point made on appeal is, that the amended
complaint is substantially defective, and the demurrer thereto
should have been sustained.  The amended complaint charges
that the defendant, in the presence and hearing of plaintiff and
divers persons (naming them), spoke of and concerning the
plaintiff falsely and maliciously the following words, viz: " You
are a thief ; you make your money by stealing."  It is claimed
on behalf of the defendant " that there is no averment to make
definite the ambiguous terms employed.  " The words are *per se*
actionable, and it is difficult to perceive what office an *innuendo*
could have performed in the complaint.  The averment is, that
the words " were spoken of and concerning the plaintiff," and
that averment precludes the idea that they were spoken of and
concerning any *other* person but *the plaintiff*.  In such case, no
*innuendo* or *colloquium* was required under the common law rules
of pleading.  " Courts take judicial notice of the meaning of
words and idioms in the vernacular language * * and no *collo-
quium* or *innuendo* is necessary to point their meaning."  (Town-
shend on Libel and Slander, p. 180 ; Odgers on Same, p. 106.)
But if any doubt existed on the subject under the common law
rules of pleading, such doubt is removed by section 460 of the
Code of Civil Procedure, which reads as follows : " In an action
for libel or slander, it is not necessary to state in the complaint
any extrinsic facts for the purpose of showing the application
to the plaintiff of the defamatory matter out of which the cause
of action arose; but it is sufficient to state generally that the
same was published or spoken concerning the plaintiff; and if
such allegation be controverted, the plaintiff must establish on
the trial that it was so published or spoken."

Section 164 of the New York code is substantially the same,
and in that state the courts have in numerous cases passed on
the effect of the provision.  In *Fry* v. *Bennett*, 5 Sandf. 54,

the court says: "The code has made an important change in the rules of pleading in actions for libel or slander, in not requiring extrinsic facts, showing the application of the words to the plaintiff, to be stated in the complaint." (See, also, *Pike* v. *Van Wormer*, 5 How. Pr. 171; and Bliss on Code Pleading, § 305.) To the same effect is section 2928 of the Iowa code, with the same ruling. (*Clarke* v. *Jones*, 49 Iowa, 478.) In the case of *McLaughlin* v. *Russell*, 17 Ohio, 479, the court uses the following language: "The objection taken to the declaration is, that it does not show upon its face that the libel was upon Russell. This is a mistake. The declaration avers that the publication was concerning and against the plaintiff. * * * The words of the libel were actionable, and were alleged to have been published of the plaintiff. The particular words said to have been intended to indicate him are referred to, and averred to have meant him. This was sufficient." We therefore repeat, that whatever the rule at common law, the complaint is good and sufficient under section 460 of the code.

Another point made by the appellant is, that there is no averment in the complaint, that the words alleged to have been spoken were understood by the persons who heard them to have been applied to the plaintiff; and it is claimed that the omission is fatal. The words charged were spoken in the English language. "You are a thief; you make your money by stealing," were the words, and it is averred they were spoken in the presence and hearing of C. Hoffman and others, named in the complaint. The following is the language of Mr. Townshend, in his work on libel and slander:

"The publication of language may, in reference to the place at which the publication is made, be either in the vernacular or in a foreign language. When the language published is the vernacular of the place of publication, it requires no proof that those who heard or read it understood it; but it may be shown that those who read such language did not, in fact, understand its signification. When the language published is one foreign to the place of publication, it will not be assumed that those who heard or read it understood it. * * * When the matter published is in a language which he who hears or reads it understands, it will be assumed he understood it in the sense

which properly belongs to it." (§ 97.) " When language is published in a foreign language, it is necessary to show that the hearers understood the language." (Id. 147.) "The declaration must show a publication of the libel or slander, but any words which denote a publication are sufficient. An averment that the words were spoken in the presence of divers persons, although not stating that they heard or understood them, is sustainable." (1 Chitty on Pleading, 421.) " Words in a *foreign language*, whether written or spoken, must be proved to have been understood by those who heard or read them." (2 Greenleaf on Ev., § 414.) " If spoken in a foreign language, the declaration must allege that the hearers understood them, and so must be the proofs." (*Zeig* v. *Ort*, 3 Chand. Wis. 260.)

It is only where the words are ambiguous, and the application doubtful, that any averment of extrinsic facts is required. (*Smart* v. *Blanchard*, 42 N. H. 137 ; 2 Greenleaf on Ev., § 417.) " The court or the jury is to place itself in the situation of the hearer or reader, and determine the sense or meaning of the language in question, according to its natural and popular construction." (Townshend on Slander and Libel, § 133.) The language charged in this case was the vernacular of the country, and there is no ambiguity in it. It was " spoken of and concerning the plaintiff," and hence there is no ambiguity as to the person to whom it was intended to apply. The case of *De Witt* v. *Wright*, 57 Cal. 576, is clearly distinguishable from this. There an ambiguity existed as to the person intended by the publication, and it was clearly necessary to aver that the persons who read it understood that the plaintiff was the person referred to in the alleged libelous publication. But the present case is very different. The words were spoken in the presence of the plaintiff, and it is alleged that they were spoken of and concerning him. This, it seems to us, was sufficient, without any averment of extrinsic matter.

On the trial the plaintiff was allowed to prove, against the objection made by defendant, that he, plaintiff, was a married man and had a family. In this there was no error. " The plaintiff may even prove, in aggravation of damages, his rank and condition in society." (Townshend on Libel and Slander, § 390.)

There is but one other point in the case, and that relates to the question of damages. On the trial of the case evidence was introduced, showing the nature of the transaction between the parties. It is true that the evidence did not establish the truth of the charge made by the defendant against the plaintiff, and did not therefore amount to a justification; but the evidence did show strong circumstances of mitigation. These circumstances were such as should have had a strong influence on the minds of the jury, and if they had been duly considered would certainly have reduced the amount of the verdict below the sum found. We are, therefore, of opinion that the judgment should be reversed for excessive damages.

Judgment and order reversed, and cause remanded for a new trial.

ROSS, J., concurred in the judgment of reversal.

THORNTON, J., concurring.—I concur in the foregoing opinion, except as to that portion of it which relates to the admissibility of the evidence that the plaintiff was a married man, and had a family of two or more children. I am of opinion that the court erred in letting this evidence go to the jury. Any evidence in regard to the plaintiff's condition, confined to himself personally, was admissible, but the testimony admitted went further than this. It was in relation to other persons. Such testimony was not admissible on the question of malice. The fact that plaintiff had a wife or children, or both, was not in the mind of the defendant when he spoke the words alleged. There is no evidence that defendant knew that this was the fact. Nor was such evidence admissible on the issue of the damage. The damage to plaintiff was the same, whether he had a family or not. Such evidence might have an influence on a jury, which ought to be avoided. For these reasons I concur that the judgment should be reversed, and the cause remanded for a new trial.

McKEE, J.—I concur in the judgment, on the ground discussed in the opinion of Justice Thornton.

SHARPSTEIN, J., dissenting.—I dissent. The reasoning of the chief justice on all the questions discussed by him, except

him, except that of excessive damages, is entirely satisfactory to me. On that question I think there is a departure from the prevailing doctrine on the subject, which is stated as follows in *Wilson* v. *Fitch*, 41 Cal. 363 :

" The court will not interfere in such cases, unless the amount awarded is so grossly excessive as to shock the moral sense, and raise a reasonable presumption that the jury was under the influence of passion or prejudice. In this case, whilst the sum awarded appears to be much larger than the facts demanded, the amount cannot be said to be so grossly excessive as to be reasonably imputed to only passion or prejudice in the jury. In such cases there is no accurate standard by which to compute the injury, and the jury must necessarily be left to the exercise of a wide discretion ; to be restricted by the court only when the sum awarded is so large that the verdict shocks the moral sense, and raises a presumption that it must have proceeded from passion or prejudice."

I think the judgment and order should be affirmed.

MYRICK, J., concurred with MR. JUSTICE SHARPSTEIN.

Rehearing denied.