D'AUTREMONT, RESPONDENT, *v.* MCDONALD, APPELLANT.

(No. 4,049.)

(Submitted November 13, 1919. Decided December 1, 1919.)

[185 Pac. 707.]

*Slander—Construction of Defamatory Words—Instructions—*
*Verdicts—Nominal and Punitive Damages.*

Slander—Language Actionable *Per se*—Erroneous Instruction.
   1.   *Held,* that it was error to instruct the jury, in an action for slander, that the following words, spoken in a country store and postoffice, were actionable *per se* as imputing want of chastity in plaintiff, to-wit: That plaintiff was "trying to get my [defendant's] man; had she not ought to be satisfied with her man"; and that the husband of defendant "must come in [plaintiff's store] to get something and it must be good."

Same—Construction of Defamatory Words—By Whom.
   2.   In an action for slander, it is the province of the court or judge to determine whether the words alleged to have been spoken by defendant were defamatory, and, if they were, it is then a question for the jury to decide what was in fact their true construction.

Same—Construction of Defamatory Words—When Jury Question.
   3.   When alleged slanderous language is susceptible of two meanings—one defamatory and the other not so—the jury must determine in what sense it was used.

Verdicts—Nominal and Punitive Damages.
   4.   *Quaere:* Under section 6047, Revised Codes, may a verdict for punitive damages be based upon a recovery of nominal damages only?

*Appeals from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Frances d'Autremont against Margaret McDonald. From a judgment for plaintiff and an order denying her a new trial, defendant appeals. Reversed.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

Any punitive damages that may be awarded in any case should bear some reasonable proportion to the real damages. (13 Cyc. 119, note 31, and cases cited.) In order to award exemplary damages to the respondent, it was necessary for the jury to find that she suffered actual damage. Since it appears from the finding of the jury that it considered the injuries of the respondent were nominal, and since only a nominal verdict for actual damages was returned, the jury should not have found a verdict inflicting exemplary damages. (28 Am. St. Rep. 883, note.)

*Mr. Edgar G. Worden* and *Mr. O. W. Belden,* for Respondent, submitted a brief; *Mr. H. L. De Kalb,* of Counsel, argued the cause orally.

In 25 Cyc. 317, we find the following language: "In most jurisdictions in this country oral language charging unchastity may now be actionable *per se,* either as the direct result of statute directly to this effect or indirectly or as the result of statutes making the act chargeable and indictable crimes." In this state we come under the first clause of this language, and the authorities cited in note 32, page 317, of Cyc. are directly applicable. In *Kedrolivansky* v. *Niebaum,* 70 Cal. 216, 11 Pac. 641, the court held: "Under our statute words which impute to a woman a want of chastity are slanderous and actionable *per se."* (Sec. 46, Civil Code.) This decision is repeated in the same language in *Hitchcock* v. *Caruthers,* 82 Cal. 523, 23 Pac. 48, and affirmed again in *Preston* v. *Frey,* 91 Cal. 107, 27 Pac. 533. In *Haub* v. *Friermuth,* 1 Cal. App. 556, 82 Pac. 571, the same court affirms this principle and goes further, saying: "The words thus alleged to have been spoken

by the defendant are actionable in themselves, and, if false, are presumed to have been spoken with malice."

Appellant complains that the jury found only nominal damages, to-wit, one dollar, as compensatory, and therefore could not find any punitive or exemplary damages. The authorities cited by appellant, we submit, are not in point in this state, as this action is brought under statutory enactments and not under the common-law principles. However, upon this point we refer to the language of Judge Bond in the case of *Ferguson* v. *Evening Chronicle Pub. Co.*, 72 Mo. App. 462. See, also, 8 R. C. L., sec. 137, p. 594, note 17, and cases cited.)

MR. JUSTICE HURLY delivered the opinion of the court.

Plaintiff had verdict and judgment for one dollar actual damages and $249 punitive damages. The complaint alleges that the defendant willfully and maliciously published false and scandalous words of the defendant, as follows: "She [meaning plaintiff] is trying to get my man. Hadn't she ought to be satisfied with her man?" and also, "He [meaning the husband of defendant] must come in to get something, and it must be good," thereby meaning to impute to plaintiff a want of chastity, and that the persons in whose presence the language was uttered so understood the meaning of the words, and that by reason thereof plaintiff has been injured in her good name and reputation. The answer denies the speaking of the words by the defendant.

The court instructed the jury that the language alleged to [1] have been spoken by the defendant was scandalous *per se,* to which instructions the defendant duly objected and excepted, and assigns error by reason of the same. It is also contended by appellant that under the provisions of section 6047, Revised Codes, the recovery of punitive damages may not be had except where there is a recovery of actual damages, and that nominal damages do not constitute actual damages.

An examination of the transcript discloses that plaintiff's husband conducts a store and is the postmaster at Windham,

Montana, and that the plaintiff, at the date when it is alleged the statements were made by defendant, was assistant postmaster and assisted him in conducting the store; that defendant entered the store and commenced a colloquy or quarrel with the plaintiff in the presence of plaintiff's husband, using abusive language toward plaintiff, and it is testified by plaintiff and her husband that at least a portion of the language attributed to defendant was uttered by her; but it also appears that the utterances were not in sequence, one portion being stated at one time and the balance at another.

That the mere use of the words concerning one's going to a store, "What does he come in here for? He must come in to get something and it must be good," without reference to the circumstances surrounding the utterance thereof, does not of itself impute a charge of unchastity is apparent. That plaintiff's attorneys viewed the language in this light is shown by their inquiry of plaintiff's witnesses as to whether they so understood it.

While the sufficiency of the evidence to justify the verdict is not a question raised by the appeal, we have examined the record and fail to find in the evidence the first part of the language alleged to have been used; but in plaintiff's testimony she states that defendant said to plaintiff's husband, "Hasn't she got you? What does she want my man for?" We do not say that either of these expressions is not susceptible of a defamatory meaning. The only question for the judge or the court is whether the words are capable of the defamatory meaning; if they are, then it is for the jury to decide what is in fact the true construction. (Odgers on Libel and Slander, 5th ed., p. 113; Townshend on Libel and Slander, 4th ed., sec. 284; Newell on Libel and Slander, secs. 344, 345.)

Where language is susceptible of two meanings, one defamatory and the other not, it is for the jury to determine in what sense it was used. (25 Cyc. 542, and cases cited.)

The court should have submitted to the jury for its determination whether or not the words were used in a defamatory sense.

As the cause is to be reversed for the reasons heretofore
[4] stated, we do not deem it necessary to decide the question
whether or not, under the provisions of section 6047, Revised
Codes, a verdict for punitive damages may be based upon a
recovery of nominal damages. Appellant's counsel has not
cited us to cases in support of his contention. From our exam-
ination of the question we learn that there is much conflict
among the authorities, and we reserve deciding this question
until such time as the same may be fairly briefed before us.

The judgment and order appealed from are reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOL-
LOWAY and COOPER concur.

