DANIEL, RESPONDENT, *v.* MONCURE, APPELLANT.

(No. 4,170.)

(Submitted June 1, 1920. Decided June 25, 1920.)

[190 Pac. 983.]

*Slander—Complaint—Insufficiency — Pleading—Defenses—Admissions.*

Slander—Complaint—Contents, if Language not Slanderous *Per Se.*
 1. If alleged slanderous language is not slanderous *per se*, special damages must be pleaded, else the complaint does not state a cause of action.

Same—Complaint.
 2. Where language charged to have been slanderous, in and of itself is not defamatory, but becomes so only in the light of the circumstances surrounding the utterance, the extrinsic facts disclosing its slanderous character must be pleaded.

Same—Construction of Language.
 3. Alleged defamatory matter must be construed as an entirety and with reference to the remaining portion of the conversation giving rise to an action for slander.

Same.
 4. Alleged slanderous words are to be construed according to their usual, popular and natural meaning and common acceptance; that is, in the sense in which persons out of court and of ordinary intelligence would understand them, the presumption being that third parties present so understood them.

Same—Innuendo.
 5. Language not slanderous *per se* cannot be made so by innuendo.

Same—Defamatory Language—Jury Question.
 6. If language is susceptible of two meanings, one defamatory, and the other not, it is for the jury to determine in which sense it is used.

Same—What Language not Slanderous *Per Se.*
 7. *Held,* that a statement that plaintiff, a woman, was the "toughest and commonest thing" on an Indian reservation was not, in the ab-
    58 Mont.—13

sence of prefatory allegations disclosing that the language was used in a defamatory sense to denote want of chastity, slanderous *per se.*

Pleading—Inconsistent Defenses.

8. In a civil action, defendant may interpose as many defenses as he may have, even if they are inconsistent, provided they are not so far inconsistent that, if one be true, the other must necessarily be false.

Slander—Pleading—Defenses—Admissions.

9. *Held,* under the above rule (par. 8), that where defendant, after denying generally the allegations of the complaint in an action for slander, pleaded as a justification that the supposed defamatory language was true, did not amount to a confession of the charge in the complaint or supply allegations in the complaint necessary to make the language slanderous *per se.*

[On effect of innuendo as defense to truth to civil action for libel or slander, see notes in 31 L. R. A. (n. s.) 140; 50 L. R. A. (n. s.) 1043. Innuendo in complaint for libel, see note in 3 A. L. R. 1585.]

*Appeal from District Court, Big Horn County; Charles L. Crum, Judge.*

ACTION for slander by Marie Allen Daniel against W. P. Moncure. Judgment for plaintiff. Defendant appeals from the judgment and an order denying her a new trial. Reversed and remanded.

*Mr. F. B. Reynolds,* for Appellant, submitted a brief and argued the cause orally.

It is the contention of defendant that the alleged slanderous words set forth in the complaint and testified to by plaintiff upon the trial were not slanderous *per se,* and inasmuch as they were not slanderous *per se,* the complaint fails to state a cause of action, and for the same reason the evidence is insufficient to sustain a verdict and judgment in behalf of plaintiff.

If the alleged defamatory words are not slanderous *per se,* then the complaint fails to state a cause of action, unless special damages are alleged. (25 Cyc. 265; *Brown* v. *Independent Pub. Co.,* 48 Mont. 374, 138 Pac. 258; *Ledlie* v. *Wallen,* 17 Mont. 150, 42 Pac. 289.) The only damages alleged by plaintiff in her complaint are that she "has suffered great humiliation, grief, and shame, has been thereby greatly in-

jured in her feeling and reputation, and by reason of the facts and premises aforesaid, has been damaged in the sum of twenty thousand dollars.'' Such an allegation is not an allegation of special damage. In order to constitute special damage, there must be a pecuniary loss or some other definite loss which may be pleaded with certainty. (*Ledlie* v. *Wallen,* 17 Mont. 150, 42 Pac. 289.)

The language used in the complaint is, ''She is the damnedest, commonest, toughest thing around here.'' The question then is, Are the words, ''damnedest,'' ''commonest,'' ''toughest thing around here,'' slanderous *per se?*

In order to be slanderous *per se,* the expression in and of itself must contain an imputation of unchastity, regardless of innuendo. The innuendo cannot make them slanderous *per se.* (25 Cyc. 450; *Cooper* v. *Romney,* 49 Mont. 119, 125 Ann. Cas. 1916A, 596, 141 Pac. 289; *Brown* v. *Independent Pub. Co.,* 48 Mont. 374, 138 Pac. 258; *Nichols* v. *Daily R. Co.,* 30 Utah, 74, 116 Am. St. Rep. 796, 8 Ann. Cas. 841, 3 L. R. A. (n. s) 339, 83 Pac. 573; *Paxton* v. *Woodward,* 31 Mont. 195, 107 Am. St. Rep. 416, 78 Pac. 215; *Lemmer* v. *Tribune,* 50 Mont. 559, 148 Pac. 338; *Cooper* v. *Seaverns,* 81 Kan. 267, 105 Pac. 509; *Brinsfield* v. *Howeth,* 107 Md. 278, 24 L. R. A. (n. s) 583, 68 Atl. 566.) Mere words of abuse are not slanderous *per se,* even though insulting, degrading and humiliating. (25 Cyc. 268; *Ledlie* v. *Wallen, supra.*)

The decisions of the courts are full of a great number of illustrations of low and degrading terms that have been used toward women, but no matter how low or degrading, unless these words in themselves necessarily impute unchastity, they are not slanderous *per se.* The following cases are illustrations of such expressions which have been held not slanderous *per se* as imputing chastity: ''Go over to my office. My wife and mother are particular what company they keep. They do not wish to be annoyed by such characters as you.'' (*McMahon* v. *Hallock,* 48 Hun, 617, 1 N. Y. Supp. 312, 15 N. Y. St. Rep. 828.) ''She is a damned slut, she is a damned bitch,

she is a damned sow, and those who know her know that she is no account." (*Peters* v. *Garth*, 20 Ky. Law Rep. 1934, 50 S. W. 682.) "A dirty, vile woman." (*Feast* v. *Auer*, 28 Ky. Law Rep. 794, 90 S. W. 564.) "A woman of ill repute." (*Burke* v. *Stewart*, 81 Ill. App. 506.) "Dirty slut." (*Cooper* v. *Seaverns*, 81 Kan. 267, 105 Pac. 509.) To charge that a woman is "bad" or "very bad" does not impute unchastity. (*Snell* v. *Snow*, 13 Met. (Mass.) 278, 46 Am. Dec. 730; *Blake* v. *Smith*, 19 R. I. 476, 34 Atl. 995.) To call a woman a "damned old bitch" does not impute a want of chastity, and is not actionable *per se*. (*Warren* v. *Ray*, 155 Mich. 91, 130 Am. St. Rep. 566, 16 Ann. Cas. 513, 118 N. W. 741.) "She is a fast girl" is not actionable *per se* as charging unchastity. (*Brinsfield* v. *Howeth*, 107 Md. 278, 24 L. R. A. (n. s.) 583, 68 Atl. 566.) The same has been held as to the words, "You are only a low woman." (*Kenworthy* v. *Brown*, 45 Misc. Rep. 292, 92 N. Y. Supp. 34.) To charge a woman with being "indecent" does not of itself amount to a charge of unchastity. (*Schaefer* v. *Schoenborn*, 101 Minn. 67, 111 N. W. 843.) Even a charge that a woman is not "decent," and "that she keeps a public house as bad as any house of ill fame," does not impute unchastity. (*Dodge* v. *Lacey*, 2 Ind. 212.) To charge a woman with being "base" and "low" does not impute unchastity. (*Snow* v. *Witcher*, 31 N. C. 346; see, also, *Jackson* v. *Ferguson*, 181 Iowa, 1192, 165 N. W. 326; *Walker* v. *Hoeffner*, 54 Mo. App. 554; *Wimer* v. *Allbaugh*, 78 Iowa, 79, 16 Am. St. Rep. 422, 42 N. W. 587; *McLaughlin* v. *Bascom*, 38 Iowa, 660.)

The evidence in the case is insufficient to sustain the verdict and the judgment, for the reason that it does not appear what interpretation the hearers other than the plaintiff put upon the alleged slanderous words, even though it be conceded that the defendant uttered the words as claimed. "It must be shown that the libelous or slanderous matter was communicated to some third person who understood it, since otherwise there is no publication." (25 Cyc. 366; 17 R. C. L., "Libel

and Slander," sec. 56; Newell on Slander and Libel, sec. 244; *Walker* v. *White,* 192 Mo. App. 13, 178 S. W. 254; *Traylor* v. *White,* 185 Mo. App. 325, 170 S. W. 412; *Cameron* v. *Cameron,* 162 Mo. App. 110, 144 S. W. 171.)

Error was committed in refusing to allow defendant to show that he had never been in the habit of using such language as is ascribed to him in the complaint. (Jones on Evidence, 2d ed., sec. 58; 10 R. C. L., sec. 127.)

*Mr. E. E. Enterline* and *Mr. C. F. Gillette,* for Respondent, submitted a brief; *Mr. Gillette* argued the cause orally.

By our statutes, slander, among other things, is defined as being a false and unprivileged publication other than libel, which imputes to another a want of chastity. (Rev. Codes, sec. 3603.)

The alleged defamatory matter is to be construed as a whole; the words must be taken in connection with other parts of the conversation. (25 Cyc. 357; *Brown* v. *Independent Pub. Co.,* 48 Mon. 374, 138 Pac. 258; *Sheibley* v. *Ashton,* 130 Iowa, 195, 106 N. W. 618; *Truman* v. *Taylor,* 4 Iowa, 424.) The words must be given their plain and natural meaning, and understood by court and jury as other people understand them and not to be construed in their technical sense. (25 Cyc. 355, 357; *Kedrobivansky* v. *Niebaum,* 70 Cal. 216, 11 Pac. 641.)

It is contended by counsel for appellant that if the words used are ambiguous, or if they are capable of two interpretations, one innocent and the other defamatory, then they cannot be deemed slanderous *per se.* The contention made, as well as other contentions made by him in connection with this branch of the case, are fully answered in the case of *Sheibley* v. *Ashton, supra.*

In none of the cases cited and referred to by counsel for appellant for the purpose of supporting his contention that the words used by the appellant in this case at bar were not slanderous *per se* are the facts set forth so that an intelligent

conclusion can be drawn from the quotations given from the various authorities cited. Nor does it appear whether such states have statutes defining slander similar to ours. We have examined some of them and we find that there are no statutes defining slander and that the courts held, as did this court before the enactment of our statute defining slander, that the words used in slander must impute crime before they are objectionable *per se.* The following is quoted from the opinion in the case of *Schaefer* v. *Schoenborn,* 101 Minn. 67, 111 N. W. 843, a case cited by counsel for appellant. "Spoken words are not objectionable *per se* unless they charge crime, but it is not necessary that the charge be made in direct terms, for such words are actionable if they would naturally and presumably be understood by those who hear them, as charging a crime." The language used in the above case not imputing crime to the plaintiff was accordingly held not actionable *per se.*

In the light of the authorities heretofore cited, we feel confident that the words used by the appellant concerning the respondent were slanderous *per se,* and that the complaint states a cause of action. The appellant in his plea of justification having placed a construction upon the language used, and in which he charges that the respondent was unchaste and that the language was used in the sense that she was a coarse, vulgar, indecent and unchaste woman (*Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189), ought not now to be heard to say that the language used was not slanderous *per se,* and that therefore the complaint does not state facts sufficient to constitute a cause of action. The plea of justification is inconsistent with the general denial therein, and such plea of justification is an admission of the speaking and publishing of the slanderous words complained of. (*Johnson* v. *Butte and Superior Copper Co.,* 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057; *Prewitt* v. *Wilson,* 128 Iowa, 198, 103 N. W. 365; *Alderman* v. *French,* 1 Pick. (Mass.) 1, 11 Am. Dec. 114.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for alleged slander. Plaintiff charges in her complaint that on May 10, 1915, in the presence of herself and other persons, the defendant used to and concerning her the following language: "This is the toughest and commonest thing on the reservation. We won't have this thing around. She's the damnedest, commonest, toughest thing around here. I wouldn't have your damn old homestead [referring to a homestead held by plaintiff and her husband] the next one to me. I'll look for a man and put him on the place of mine [referring to some lands adjoining the homestead held by plaintiff and her husband and occupied by defendant] and tell him what you are." By innuendo it is alleged that by the use of this language defendant intended to convey, and did convey, the meaning that plaintiff was a coarse, indecent and unchaste woman. Defendant denied generally all the allegations of the complaint, and pleaded justification as follows: "That the charged and supposed defamatory words in the complaint set forth were each and all of them true, and that the plaintiff was, on or about the tenth day of May, 1915, an unchaste woman, and was the damnedest, commonest and toughest thing on the reservation, in the sense that she was a coarse, vulgar, indecent and unchaste woman." The trial of the cause resulted in a verdict for plaintiff, and defendant appealed from the judgment and from an order denying a new trial.

Throughout the proceedings the court below ruled that the language set forth in the complaint is slanderous *per se,* and upon these rulings the principal assignments of error are predicated. Special damages are not pleaded, and it follows that, unless the theory adopted by the trial court is correct, the complaint does not state a cause of action. (*Brown* v. *Independent Pub. Co.,* 48 Mont. 374, 138 Pac. 258.)

It is a rule of the law of slander that, if the language used, in and of itself, is not defamatory, but becomes so only

in the light of the circumstances surrounding the utterance, the extrinsic facts disclosing its slanderous character must be pleaded. (*Cooper* v. *Seaverns,* 81 Kan. 267, 105 Pac. 509.) There are not any extrinsic facts stated in this complaint, so that the correctness of the trial court's position must be tested by reference to the language itself.

Slander is defined by section 3603, Revised Codes, as follows:

"Slander is a false and unprivileged publication other than libel, which:

"1. Charges any person with crime, or with having been indicted, convicted, or punished for crime.

"2. Imputes in him the present existence of an infectious, contagious, or loathsome disease.

"3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade or business that has a natural tendency to lessen its profit.

"4. Imputes to him impotence or want of chastity; or,

"5. Which, by natural consequence, causes actual damage."

There are certain well-defined rules applicable to cases of this character upon which the authorities are generally agreed:

(a) The alleged defamatory matter is to be construed as an [3] entirety and with reference to the remaining portions of the conversation. (*Brown* v. *Independent Pub. Co.,* above.)

(b) The opprobrious words are to be construed according [4] to their usual, popular and natural meaning and common acceptation, that is, in the sense in which persons out of court and of ordinary intelligence would understand them (25 Cyc. 355), for the presumption is to be indulged that the third party or parties present so understood them.

(c) If the language is not slanderous *per se,* the innuendo [5] cannot make it such. (*Paxton* v. *Woodward,* 31 Mont.

195, 107 Am. St. Rep. 416, 78 Pac. 215; *Lemmer* v. *Tribune,* 50 Mont. 559, 148 Pac. 338.)

(d) If the language is susceptible of two meanings, one de-
[6] famatory and the other not, it is for the jury to deter-
mine in what sense it was used. (*D'Autremont* v. *McDonald,* 56 Mont. 522, 185 Pac. 707.)

In so far as disclosed by the pleadings, the language quoted constituted substantially the entire conversation, and, accord-ing to plaintiff's version of the affair, little, if anything, more was said.

Counsel for plaintiff concede, as they must, that the trial
[7] court's rulings can be justified only upon the assumption that the language, as it is set forth in the complaint, charges "want of chastity," for it cannot be brought within any other provision of the statute above. Does this language, of itself, impute to plaintiff a want of chastity? That it does not is beyond controversy, and a reference to any standard dic-tionary is sufficient to demonstrate the correctness of this con-clusion. It is not alleged that any or all of the opprobrious epithets had a local meaning or significance which implies want of chastity, and of those epithets only the word "com-mon" has that significance under any circumstances, accord-ing to the lexicographers. The term "common," when ap-plied to a woman, may impute want of chastity or not, depending upon the circumstances of its use. In its primary sense it means universal; pertaining equally to two or more; usual, habitual; not distinguished from the majority, as a common soldier; the common people. It means, also, trite; commonplace; low; inferior; vulgar; coarse. (Century Dic-tionary.)

In the absence of any prefatory allegations disclosing that the language was used in a defamatory sense to denote want of chastity, it is not slanderous *per se,* and the trial court erred in its rulings. (*D'Autremont* v. *McDonald,* above.) But counsel for plaintiff insist that by his plea of justification de-fendant has supplied the necessary allegations omitted from

[8]   the complaint.   Under our very liberal rules of pleading in civil actions, the defendant may interpose as many defenses as he has, even inconsistent defenses, provided only that they are not so far inconsistent that, if one be true, the other must necessarily be false.   (*Johnson* v. *Butte & Superior C. Co.,* 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057; *O'Donnell* v. *City of Butte,* 44 Mont. 97, 119 Pac. 281.)

If defendant had admitted that he used the language set [9]   forth in the complaint, the position taken by counsel for plaintiff would be invulnerable; but we see no reason why these defenses may not be interposed without detriment to the defendant.   The plea of justification is hypothetical in effect, if not in form, and amounts to no more than this: Defendant denies that he used the language or intended to impute to plaintiff a want of chastity, but, if the jury should find that he employed language which had that effect, he asserts that it was true.   There is some analogy, at least, between this defense of justification as pleaded in this instance and the plea of contributory negligence which presupposes the existence of primary negligence.   In *Day* v. *Kelly,* 50 Mont. 306, 146 Pac. 930, and in *Nelson* v. *Northern Pac. Ry. Co.,* 50 Mont. 516, 148 Pac. 388, we held that a general denial and plea of contributory negligence may be joined, and that the latter plea does not confess the negligence charged in the complaint.

The answer does not supply the allegations omitted from the complaint, and which are necessary to disclose that the language is slanderous.   The other assignments need not be considered.

For the reason that the complaint does not state a cause of action, the judgment and order are reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.