KOSONEN, APPELLANT, *v.* WAARA, RESPONDENT.

(No. 6,558.)

(Submitted February 13, 1930. Decided February 26, 1930.)

[285 Pac. 668.]

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Appellant, submitted a brief; *Mr. Thomas J. Walker* argued the cause orally.

*Mr. Harry Meyer,* for Respondent, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, Hilja Kosonen, instituted action against the defendant, Christina Waara, for damages for alleged slander and secured personal service of summons. On July 13, 1928, defendant's default, for failure to appear, was duly entered by the clerk of the court on praecipe by plaintiff, and thereafter, a hearing being first had, default judgment was entered on June 4, 1929, for damages in the sum of $1,250. Two days after entry of judgment, defendant moved the court "to set aside the default heretofore entered * * * on June 4, 1929," to stay the execution of judgment, and to allow defendant to file a tendered answer. This motion was supported by affidavits and based upon the alleged insufficiency of the complaint to state a cause of action, and the asserted inadvertence, surprise and excusable neglect of defendant. The motion was granted on condition that defendant pay all costs to date and strike from her tendered answer an alleged affirmative defense and counterclaim. Defendant complied with the conditions imposed and filed her answer.

Plaintiff has appealed from the order setting aside the default and permitting defendant to answer; her counsel attack the sufficiency of the showing made and contend that the application was not timely, as section 9187, Revised Codes of 1921, requires such application to be made within six months after entry of default.

1. We enter upon the consideration of the questions thus presented bearing in mind that the matter of setting aside judgments and orders lies within the sound legal dis-

cretion of the trial court and that the reversal of such an order may be had only on a showing of "manifest abuse"; that judgments by default are not favored, as it. is the policy of the law to have cases tried on their merits in order that justice may be done between the parties, and, to this end, in applying our statute granting this discretion to the courts, they should exercise and maintain that liberal spirit which prompted the legislature to grant the discretionary power, and, consequently, this court requires a stronger showing of abuse to warrant a reversal of an order granting relief than is required in case the court refuses to do so. (*Pacific Acceptance Corp.* v. *McCue,* 71 Mont. 99, 228 Pac. 761; *Reynolds* v. *Gladys Belle Oil Co.,* 75 Mont. 332, 243 Pac. 576; *St. Paul Fire & Marine Ins. Co.* v. *Freeman,* 80 Mont. 266, 260 Pac. 124.)

Further, in entering upon the consideration of an appeal, this court always indulges the presumption that the conclusion reached by the trial court is justified and that no error has been committed; the burden rests upon the dissatisfied party to overcome this presumption. (*Ringling* v. *Smith River Dev. Co.,* 48 Mont. 467, 138 Pac. 1098; *Dover Lbr. Co.* v. *Whitcomb,* 54 Mont. 141, 168 Pac. 947; *State* v. *Schoenborn,* 55 Mont. 517, 179 Pac. 294; *Lindeberg* v. *Howe,* 67 Mont. 195, 215 Pac. 230.)

Under these well-established rules, the order of which complaint is made here must be affirmed if, upon any ground, the conclusion of the trial court is justified.

2. The first question, in logical order, for determination is as to the sufficiency of the complaint, for, if insufficient, the court was without jurisdiction to render judgment therein; in such case the pronouncement of the court is, in fact, no judgment and may be stricken at any time without reference to the limitation prescribed in section 9187, and without further showing than the presentation of the judgment-roll. (*Crawford* v. *Pierse,* 56 Mont. 371, 185 Pac. 315; *Hodson* v. *O'Keeffe,* 71 Mont. 322, 229 Pac. 722.)

The complaint, with only unimportant recitations omitted, alleges:

"I. That, at the times hereinafter mentioned, plaintiff was, and now is, a chaste * * * married woman residing at 486½ East Park Street, Butte, * * * Montana."

"II. That * * * on the 26th of May, 1928, at 504 East Broadway, Butte, * * * defendant, in the presence of * * * divers * * * women, * * * with the intent to slander and defame the good name and reputation of this plaintiff, said of and concerning this plaintiff, 'You are a wide whore.' * * *

"III. That the said false and slanderous words were uttered * * * in the English language and understood by the persons to whom said words were spoken, with the express and malicious purpose * * * to hold this plaintiff out to the world * * * to public contempt and ridicule."

This complaint is a model of brevity, but it is defective in certain particulars which will be hereafter considered; undoubtedly it would be held fatally defective under the strict rules of common-law pleading applicable to such a case, but happily those ancient rules which rendered such an action a contest between pleaders and the real matter in issue of secondary importance have been swept aside by our Codes.

Under our rules of pleading the complaint, in any case, need only contain "a statement of the facts constituting the cause of action, in ordinary and concise language" (sec. 9129, Rev. Codes 1921), and, in this connection, it is specifically provided that, in libel and slander cases, it is no longer necessary to state extrinsic facts for the purpose of showing the application to plaintiff of the defamatory matter out of which the cause of action arose, "but it is sufficient to state, generally, that the same was published or spoken concerning the plaintiff" (sec. 9175, Id.).

In considering the sufficiency of a pleading, "its allegations must be liberally construed, with a view to substantial justice between the parties" (sec. 9164, Id.), and "the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be re-

versed or affected by reason of such error or defect'' (sec. 9191, Id.).

Even so, these liberal rules of construction do not permit a court to read into a pleading a substantial allegation which has been omitted therefrom. (*Conrad Nat. Bank* v. *Great Northern Ry. Co.*, 24 Mont. 178, 61 Pac. 1; *Montana Amusement Securities Co.* v. *Goldwyn Dist. Corp.*, 56 Mont. 215, 182 Pac. 119.)

As the complaint does not plead special damages, it is first important to determine whether the charge set out in the complaint is actionable *per se*.

In this state ''slander is a false and unprivileged publica tion other than libel, which: 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime; 2. Imputes in him the present existence of an infectious, contagious, or loathsome disease; 3. Tends directly to injure him in respect to his office, profession, trade or business; * * * 4. Imputes to him impotence or want of chastity; or 5. Which, by natural consequence, causes actual damage.'' (Sec. 5691, Rev. Codes 1921.) Words used in the Codes in the masculine gender include the feminine. (Sec. 16, Id.) Our statute, therefore, declares that a false and unprivileged publication of a charge of unchastity is slander.

At common law, imputing unchastity to a woman was not actionable *per se*. This condition of the law was declared ''barbarous'' and ''cruel'' by English judges of high rank (*Roberts* v. *Roberts*, 5 Best & S. [Q. B.] 384), but, being without power to legislate, they were helpless in the matter. Quoting from the cited case, this court, in *Ledlie* v. *Wallen*, 17 Mont. 150, 42 Pac. 289, 290, said: ''We agree with the appellant's counsel that, if the words spoken [referring to plaintiff as a 'damned dirty whore'] are not actionable in themselves, 'it is a disgrace to the state.' * * * But to supply the omissions of the law * * * we cannot construct statutes without legislating, which is beyond our power.'' After commenting on the common-law rule, the court declared, ''to the credit of the state the law is now changed,''

citing section 33, Civil Code of 1895 (now sec. 5691, above), but held that, as plaintiff had not alleged that she was a married woman (which she probably was not, as she was a school-teacher), she could not recover, for the reason that fornication was made a crime only when continued "in open and notorious cohabitation" (sec. 457, Penal Code 1895), thus reverting to the rule that the words spoken must impute criminality and perpetuating the barbarism of the common law. If the court was right in so construing the section, now 5691, the decision is controlling here, for section 457 cited (now sec. 11006, Rev. Codes 1921) refers either to fornication or adultery, and we have no other statute making adultery a crime.

However, the error of the court is manifest from a reading of section 5691. It is divided into subdivisions separated by semicolons, which have the same effect as though the conjunction "or" was used (Webster's Internat. Dictionary), and means slander is a false publication which charges any person with crime, or imputes to him the present existence of an infectious, contagious or loathsome disease, or imputes to him (or her) unchastity. Since that decision was promulgated, without reference to it, this court has clearly indicated that the unqualified charging of a woman with unchastity is actionable *per se.* (*D'Autremont* v. *McDonald,* 56 Mont. 522, 185 Pac. 707; *Daniel* v. *Moncure,* 58 Mont. 193, 190 Pac. 983.) And this is the rule under the modern humane rules of construction where there exists either such a statute as ours, or a statute making fornication or adultery a crime. (25 Cyc. 317; 36 C. J. 1175; 3 Bancroft on Code Pleading, 2927; *Pink* v. *Catanich,* 51 Cal. 420; *Cameron* v. *Cameron,* 162 Mo. App. 110, 144 S. W. 171.) The holding in *Ledlie* v. *Wallen,* above, is expressly overruled.

The epithet "whore" charges a want of chastity and is actionable *per se.* Here it is preceded by the adjective "wide." The character of an epithet may be modified by an adjective; for example, if A calls B "a dirty dog" the charge is opprobrious, but if the characterization is "a lucky dog,"

it is quite the contrary. We have, however, searched the authorities in vain for a meaning of the word "wide" which would take the sting out of the defamatory word used, and consider the sentence used, as a whole, defamatory and actionable *per se*.

The sentence alleged to have been used is set out *in haec verba* and stated in the second person; yet it is not alleged that the plaintiff was present at the time and place the charge was made, and the subsequent allegation is that it was spoken "of and concerning" the plaintiff.

In *Corr* v. *Sun Printing & Publishing Assn.*, 177 N. Y. 131, 69 N. E. 288, relied upon by defendant, it is held that merely alleging the application of the words to the plaintiff in the language of such a statute as our section 9175 will not save the complaint from successful attack, if the allegation is rendered nugatory by other allegations showing that the statement made could not have possibly referred to the plaintiff. This rule is not applicable here, however, as the complaint does not allege that plaintiff was not present, and, as the statement could only apply to a person present, placing ourselves in the position of "the man in the street" and applying the above rules of liberal construction, we conclude that, under the common acceptation of the terms used, no other reasonable inference may be drawn from the complaint than that the plaintiff was present.

The remaining defect pointed out is that the complaint does not allege that those present understood the words used as applied to the plaintiff. It is true that the complaint goes no further than to allege that, because the words were spoken in the English language, what was said was understood by those present, and it is also true that, before a recovery may be had, it must appear that at least one person present knew that the plaintiff was meant, since, otherwise, there would be no "publication" and consequently no slander. The question then arises as to whether or not proof of the understanding of third persons may be made under the general allegation, authorized by section 9175, that the defamatory statement was made "of and concerning" the plaintiff.

It was originally held in California that such a statute did not do away with the necessity of alleging that the persons who heard the words knew that the plaintiff was meant (*De Witt* v. *Wright*, 57 Cal. 576), and this holding was followed in *Dunlap* v. *Sundberg*, 55 Wash. 609, 133 Am. St. Rep. 1050, 104 Pac. 830. However, in *Rhoades* v. *Naglee*, 66 Cal. 677, 6 Pac. 863, it was held, quoting Chitty on Pleading, that where words actionable *per se* are alleged to have been spoken, in the presence of third persons, in the second person, it is not necessary to allege that those present understood them to apply to the plaintiff. In that case the complaint is practically identical with the one before us.

In *Harris* v. *Zanone*, 93 Cal. 59, 28 Pac. 845 (1892), it is held that the statute (section 460, Cal. Code Civ. Proc., identical with our section 9175) does away with the necessity of pleading that the words were understood by the hearers, as applying to the plaintiff, where the words spoken are such that, to the minds of the hearers, they are slanderous and the understanding of the hearers is one of the "extrinsic facts" which need not be alleged but, if controverted, may be established by proof on the trial. *De Witt* v. *Wright*, above, was expressly overruled therein.

As *Harris* v. *Zanone* was decided before we adopted the statute from California, we must assume that our legislature adopted it as construed in that state, and as that construction seems to be consonant with the liberal rules of construction laid down by our Codes for our guidance, we hold that, under section 9175, above, the extrinsic facts of the presence of plaintiff and the understanding of the third persons need not be alleged. The complaint is therefore sufficient.

3. Was the application for relief from the default entered timely? While the application filed recites the entry of default on June 4, 1929, the date of judgment, on default entered July 13, 1928, it is only directed to the default, and the order, of which complaint is made, recites that the "default" is set aside, without reference to the judgment.

Section 9187, Revised Codes 1921, grants courts discretion "to relieve a party or his personal representative from a judg-

ment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken.''

The statute does not mention defaults, but in California, under an identical statute (sec. 473, Code Civ. Proc.), it is held that the taking and entering of a default by the clerk or the court, at the instance of the adverse party, is a ''proceeding taken against'' party in default, within the meaning of the section, and its entry, and not that of the judgment, fixes the beginning of the period of six months within which a motion to set aside the default must be made. (*Title Ins. & Trust Co.* v. *King Land & Imp. Co.*, 162 Cal. 44, 120 Pac. 1066; see, also, *Commonwealth Trust Co.* v. *Lorain*, 43 Idaho, 784, 255 Pac. 909, also decided under an identical statute, and in which *Smith* v. *McCormick*, 52 Mont. 324, 157 Pac. 1010, is cited; and see *State ex rel. Hahn* v. *District Court*, 83 Mont. 400, 272 Pac. 525.)

The history of the statute is reviewed in 14 Cal. Jur. 1060–1065, and therein a doubt is suggested as to the rigidity of the six months' period, citing *Consolidated Construction Co.* v. *Pacific Electric R. Co.*, 184 Cal. 244, 193 Pac. 238, 239, wherein it is said, as quoted: ''The rule prescribing an absolute limit of six months for such relief—a rule made by judicial decision, and not by statute—seems very harsh in a case where the existence of the order or judgment is not discovered * * * in time for him to make his application within the necessary 6 months, and it may be that it is subject to the qualification that the discovery be made within time''—citing, as suggesting this qualification, *Smith* v. *Jones*, 174 Cal. 513, 163 Pac. 890.

But a reading of these opinions discloses that in neither case was the court discussing the rule laid down by the statute, but a rule applied by analogy in proceedings brought independent of the statute. In so far as the statute is concerned, it is as inflexible as to the maximum time as any of our statutes of limitations. (*Title Insurance & Trust Co.* v. *King Land &*

*Imp. Co.*, above; *In re Morehouse*, 176 Cal. 634, 169 Pac. 365; *Boland* v. *All Persons*, 160 Cal. 486, 117 Pac. 547.) While the rule may be harsh, it is laid down by the legislature and only legislative action can change it.

The cases cited, however, demonstrate certain situations in which relief may be granted independent of the statute. Such a situation arises when extrinsic fraud is practiced upon a party to an action, inducing him to forego filing an answer within time. (*Bullard* v. *Zimmerman*, 82 Mont. 434, 268 Pac. 512; see, also, note in 53 Am. St. Rep., at page 451.)

Affidavits herein filed in support of defendant's motion allege that "during the month of June, 1928 [the complaint having been filed on the 5th of that month]," the plaintiff informed a third party that "she did not intend to do anything with the action, * * * that she intended to let it drop," which information was communicated to defendant, who replied that she "would not think anything more about it," and that, as a result of this information, defendant did not consult anyone as to the steps to be taken and paid no further attention to the matter until she learned of the entry of judgment a year later. It is at least doubtful whether the showing made would be sufficient to invoke the aid of a court of equity; but regardless of that question—not here presented —such a showing cannot toll the statute and thus warrant the relief here sought. (See *Meyer* v. *Lemley*, 86 Mont. 83, 282 Pac. 268.)

Another question suggested to our minds, but not presented to counsel, is as to whether or not the judgment might have been set aside and defendant permitted to be heard with reference to damages to be awarded, regardless of the entry of default, but no such order was made; the order from which appeal is taken merely sets aside the default, and therefore this question cannot now be determined.

Although reluctant to do so in such a case as this wherein the court has opened the way for a hearing on the merits, we are forced to the conclusion that the court manifestly abused its discretion.

The order is reversed and the cause remanded, with direction to overrule the motion to set aside the default.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.

Rehearing denied March 17, 1930.