DAVIS ET AL., APPELLANT, v. HUBBARD ET AL., RESPONDENTS
No. 8721
Submitted April 2, 1947. Decided April 15, 1947.
179 Pac. (2d) 533

Mr. H. A. Bolinger and Mr. H. A. Bolinger, Jr., both of Boze-
man, for appellants. Mr. H. A. Bolinger, Jr. argued the cause
orally.

Mr. H. B. Landoe, of Bozeman, for respondent John C. Lane.

Mr. Roy M. Keister and Mr. George Y. Patten, both of Boze-
man, for respondent Fernie Hubbard. Mr. Landoe argued the
cause orally.

MR. JUSTICE CHEADLE delivered the opinion of the court.

Appeal from an order setting aside default and vacating judgment in favor of the plaintiffs and against the defendant John C. Lane.

Complaint herein was filed in the district court on July 24, 1946, and summons issued the same day. Return of the sheriff of Gallatin county shows service of summons together with a copy of the complaint on the defendant Lane on August 7, 1946. On August 28, 1946, praecipe for default of the defendant Lane was filed and the default of said defendant was entered. Thereafter, on September 9, 1946, default judgment was given and entered in favor of plaintiffs and against the defendant Lane in accordance with the prayer of the complaint in the total amount of $1,228.

On September 14, 1946, the defendant Lane by his attorney filed motion, and notice thereof, to set aside and vacate the judgment and to permit him to file his answer. Said motion was accompanied by an affidavit of the defendant Lane and his proposed separate answer to the complaint. On September 17, 1946, a new motion to set aside the default and judgment was filed, apparently for the reason that the notice of the first motion was insufficient as to time. The matter came on for hearing on September 23rd, and on October 7, 1946, the judge of the district court made his order setting aside the default and vacating the judgment and ordering that the answer tendered by the defendant Lane be filed by the clerk of court.

The motion submitted to the district court was based upon the alleged excusable neglect of the defendant Lane, and the affidavit contains the following:

"That upon the 7th day of August, 1946, the defendant was served with summons and a copy of the complaint in said cause; the said action joined as defendants the affiant, herein named, and Fernie Hubbard; that said John C. Lane upon receiving said summons and complaint in said cause consulted with the said Fernie Hubbard and from the conversation with said Fernie Hubbard, John C. Lane understood that the said Fernie Hub-

bard would consult with an attorney or attorneys and have an appearance entered for said defendants in said cause; that said Fernie Hubbard did consult with an attorney, to-wit: Roy M. Keister of the city of Bozeman, Montana, and that he entered an appearance in said cause only for himself and did not thereafter notify the said John C. Lane that an appearance had been entered for the defendant Fernie Hubbard only and that the said John C. Lane, relying upon the belief that an appearance had been made for him in said cause, neglected to personally consult with an attorney regarding his appearance; that the defendant John C. Lane first learned of said judgment and default so taken against him on the 12th day of September, 1946, by being informed by the Gallatin Trust and Savings Bank in the city of Bozeman, Montana, that an execution had issued against him under the judgment taken against said defendant and affiant immediately upon learning that a judgment had been taken against him consulted with H. B. Landoe, an attorney at law in the city of Bozeman, Montana, and made arrangements with his attorney to take proceedings to have said default and judgment opened and vacated.

"That affiant has justly and fairly stated the facts in this case to H. B. Landoe, Esquire, his said counsel, and upon such statement he is advised by said counsel and he verily believes that he has a valid and substantial defense to said action on the merits and that his said defense is justly and truly set forth in his verified answer, a copy of which is attached hereto * * *."

The sole question before us is whether the district court erred in granting defendant's motion.

At the outset we are confronted with the rule, well recognized in this jurisdiction, that the action of the trial court in this respect will not be reversed in the absence of a manifest abuse of discretion. As is said in Bancroft's Code Practice and Remedies, Vol. 3, pp. 2474 and 2478:

"The general rule is that the granting or denial of relief from a default or judgment rests in the sound discretion of the court. This is true whether the proceedings are by motion or petition.

The exercise of this discretion will not be disturbed by a reviewing court unless it has been abused. * * *

"An appellate court is inclined to listen more readily to an ██ appeal from an order denying relief than one granting relief, because of the policy of applying remedial statutes liberally to permit a trial on the merits. While it will not substitute its own judgment and discretion in the matter for that of the trial court and may sustain action which it would not have taken upon the same facts, it is more disposed to affirm an order the effect of which is to permit a trial on the merits than one which prevents such a hearing."

In Madson v. Petrie Tractor & Equipment Co., 106 Mont. 382, 77 Pac. (2d) 1038, 1040, this court said:

"A motion, such as is involved here, is addressed to the sound discretion of the court with which the Supreme Court will not interfere except upon a showing of manifest abuse of such discretion. Mihelich v. Butte Electric Ry. Co., 85 Mont. 604, 622, 281 Pac. 540. But judgments by default are not favored, and the trial court in passing upon a motion to set aside a default judgment should exercise the same liberal spirit which prompted the Legislature in enacting section 9187, Revised Codes. Reynolds v. Gladys Belle Oil Co., 75 Mont. 332, 340, 243 Pac. 576.

"Since courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order."

In Brothers v. Brothers, 71 Mont. 378, 230 Pac. 60, 61, it is said in referring to section 9187, Revised Codes of 1921:

"This section was enacted for the very purpose of giving to the courts the power to relieve parties from judgments obtained against them by reason of mistake, inadvertence, or excusable neglect, and in interpreting it courts should, in furtherance of justice, maintain the same liberal spirit which prompted its enactment. The rule is concisely stated by this court in Nash v. Treat, 45 Mont. 250, 122 Pac. 745, Ann. Cas. 1913E, 751: 'Each case must be determined upon its own facts; and, when the motion is made promptly and is supported by a showing which

leaves the court in doubt, or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion.' No great abuse of discretion by the tiral court in refusing to set aside a default need be shown to warrant a reversal for the courts universally favor a trial on the merits.

''No two cases will be found which present the same circumstances for consideration, for each depends upon its own facts. (Citing cases.) And therefore applications of this character are addressed to the legal discretion of the court and should be disposed of as substantial justice may seem to require.''

In Kosonen v. Waara, 87 Mont. 24, 285 Pac. 668, 670, the rule is thus enunciated:

''We enter upon the consideration of the questions thus presented bearing in mind that the matter of setting aside judgments and orders lies within the sound legal discretion of the trial court and that the reversal of such an order may be had only on a showing of 'manifest abuse'; that judgments by default are not favored, as it is the policy of the law to have cases tried on their merits in order that justice may be done between the parties, and, to this end, in applying our statute granting this discretion to the courts, they should exercise and maintain that liberal spirit which prompted the Legislature to grant the discretionary power, and, consequently, this court requires a stronger showing of abuse to warrant a reversal of an order granting relief than is required in case the court refuses to do so. (Citing cases).

''Further, in entering the consideration of an appeal, this court always indulges the presumption that the conclusion reached by the trial court is justified and that no error has been committed; the burden rests upon the dissatisfied party to overcome this presumption.''

Section 9187, Revised Codes, provides, inter alia, that a trial court may, ''upon such terms as may be just, relieve a party * * * from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefore be made

within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken.''

It appears here that application for relief was made by the defendant immediately upon learning that his default had been entered and within about one week after entry of judgment, and consequently, was made within a reasonable time as required by the statute. The answer tendered by the defendant appears to set forth a valid defense to the complaint.

Appellant earnestly contends that defendant's affidavit does ▮ not specify facts upon which excusable neglect may be predicated. It is true that the defendant Lane might have been more specific in his understanding or agreement with the defendant Hubbard that the latter would employ counsel to make an appearance for both; however, we think that the matters set forth are sufficient to call for the exercise of discretion by the trial court and, since the record does not indicate an abuse of that discretion, we shall not interfere with its action.

The order appealed from is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Angstman and Metcalf concur.